# Commonwealth *v.* Samson, Appellant.

*Criminal procedure—Indictments—Endorsement—Private prosecutor—Necessity for.*

The fact that no prosecutor's name was endorsed on a bill returned by a grand jury is not ground for quashing the indictment.    It is only where there is a private prosecutor, active in carrying on the proceeding, that his name, as such, is required to be endorsed upon the bill.    If there is no such private prosecutor the defendant cannot refuse to plead.    When the name of the prosecutor, if any there be, is not endorsed upon the indictment, the proper practice is for the defendant to offer to prove that there is such a private prosecutor.    It then becomes the duty of the court to hear the evidence, and if upon such hearing it appears that there is a private prosecutor, or that the indictment is founded upon an information made by a private prosecutor, his name should by endorsement upon the indictment, be designated as the prosecutor. The court ought not to require the defendant to plead, when there is a private prosecutor, unless his name, as such, be endorsed upon the indictment.    When, however the defendant does not stand upon his rights, secured to him by the statute, and upon the overruling

of his motion to quash voluntarily enters a plea of not guilty, he cannot, afterwards, complain of the failure of the endorsement of the name of the prosecutor.

*Criminal procedure—Larceny—Indictment.*

An indictment which charges the larceny of several distinct articles is sustained by proof of the larceny of any one of the said articles.

When an indictment contained repugnant counts the proper practice, at common law, was to move to quash. Under the Criminal Procedure Act of 1860, section 24, it is proper, in separate counts, to charge defendant with larceny and the receiving of stolen goods and an indictment will not be quashed because it contains such counts.

Argued October 6, 1920. Appeal, No. 134, Oct. T., 1920, by defendant, from judgment of Q. S. Phila. Co., July Sessions, 1919, No. 485, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Reginald C. Samson. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for embezzlement, larceny and receiving stolen goods. Before MCCULLEN, J.

The opinion of the Superior Court states the case.

Verdict of guilty of larceny and receiving stolen goods, on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were the charge of the court, refusal to quash the indictment and refusal to direct a verdict in favor of defendant.

*Grover C. Ladner,* of *Ladner & Ladner,* for appellant.

*John H. Maurer,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY PORTER, J., March 5, 1921:

The trial of the defendant upon an indictment containing two counts, the first charging larceny and the second receiving stolen goods, resulted in a verdict of guilty, and the court imposed sentence upon the first count. The defendant appeals from that judgment.

The defendant moved to quash the indictment, the only ground alleged for such action being: "Because the indictment against the above named defendant......does not contain the name of the prosecutor endorsed thereon." The fact that no prosecutor's name was endorsed on the bill returned by the grand jury was not ground for quashing the indictment. It is only when there is a private prosecutor, active in carrying on the proceeding, that his name, as such, is required to be endorsed upon the bill. If there be no such private prosecutor the defendant cannot refuse to plead. This was so under the Act of 1705, 1st Smith's Laws 56; The King v. Lukens, 1st Dallas 5. The law has not been changed in this respect, but has been so amended by the Criminal Procedure Act of 1860, section 27, as to enable the court to determine the question in any case whether there is such a prosecutor, and who he is, and "if they shall be of opinion that there is such a prosecutor" to order his name to be endorsed on the indictment: Commonwealth v. New Bethlehem Boro., 15 Pa. Superior Ct. 164. When the name of the prosecutor, if any there be, is not endorsed upon the indictment, the proper practice is for the defendant to offer to prove that there is such a private prosecutor; it then becomes the duty of the court to hear the evidence and if upon such hearing it appears that there is a private prosecutor, or that the indictment is founded upon an information made by a private prosecutor, then his name should, by endorsement upon the indictment, be designated as the prosecutor. If it be established that there is a private prosecutor, the court ought not to require the defendant to plead, unless the name of the prosecutor, as such, is endorsed upon the

indictment, for the statute explicitly declares that "no person shall be required to answer to any indictment for any offense whatever," unless that is done.  This defendant did not stand upon the rights secured to him by the statute; when his motion to quash was overruled, he voluntarily entered the plea of not guilty.  The first specification of error is overruled.

There is no merit in the specification of error based upon the assertion that there was a variance between the allegation as to the ownership of the property in the indictment and the evidence, as to that fact, produced at the trial.  The indictment laid the ownership of the bonds, the subject of the larceny, in the State Bank of Philadelphia.  The evidence established that the State Bank was in lawful possession of the bonds, as a bailee for safe custody.  That an allegation, in an indictment, as to the ownership of stolen property is sustained by evidence that the property was in the peaceable possession of that party as a bailee is too well established to require citation of authority.  The actual condition of the legal title is immaterial to the thief; so far as he is concerned, one may be taken as the owner who was in peaceable possession of it, and whose possession was unlawfully disturbed by the felonious taking.

The indictment charged the larceny of three bonds.  The court submitted to the jury the question of the guilt of the defendant as to the larceny of one of the bonds, withdrawing from their consideration the evidence as to the other two.  Nothing is better settled than that an indictment which charges the larceny of several distinct articles is sustained by proof of the larceny of any one of said articles.  It was entirely proper for the court to instruct the jury that they might take into consideration the admission of the defendant that he had used the money of the bank, of which he was an employee, to purchase the bonds, in determining the credit to which his story, as to the manner in which he obtained possession of the property was entitled.  The defendant only excepted to

this particular instruction, and is not now in position to complain that the charge, as to other matters, was inadequate.

When an indictment contained repugnant counts the proper practice, at common law, was to move to quash. The defendant was not, after a conviction, entitled to have the judgment arrested on all the counts, but the court imposed sentence only upon the counts which were consistent. Under the Criminal Procedure Act of 1860, section 24, it is proper, in separate counts, to charge a defendant with larceny and the receiving of stolen goods, and the indictment can no longer be quashed for that reason. When, upon the trial of such an indictment, the jury renders a general verdict of guilty, the common law principle must prevail; the defendant is not entitled to have the judgment arrested, but, when the counts refer to the same property, the court should impose a sentence which is sustained by one of the counts, and not a distinct sentence upon each count. All the specifications of error are overruled.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.