Commonwealth ex rel. Rouzer, Appellant, *v.* Claudy.

Submitted November 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Sewell W. Rouzer, Jr.,* appellant, in propria persona.

*Park H. Loose,* District Attorney, *Frank B. Warfel,* Assistant District Attorney, *Frank P. Lawley, Jr.,* Deputy Attorney General, and *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY ROSS, J., April 12, 1955:

The relator, Sewell W. Rouzer, Jr., filed a petition for a writ of habeas corpus in the Court of Common Pleas of Blair County. A rule to show cause was issued by the court and, after argument at which relator was represented by counsel, the rule was discharged and the writ refused. Relator has appealed to this Court.

The undisputed facts which govern disposition of this appeal are as follows: On July 29, 1948 Rouzer was committed to the Blair County jail charged with commission of several offenses unrelated to those for which he is now serving time in Western Penitentiary. On September 30, 1948 he signed a plea of nolo contendere with respect to the aforementioned offenses; but later, on November 15, 1948, when he appeared in open court to be heard on the plea, relator requested and was granted permission to withdraw it. He was remanded to jail to await trial.

On November 20, 1948, before being brought to trial for the offenses allegedly committed prior to July 29, 1948, relator escaped from the Blair County jail and on that date committed other criminal offenses. He was apprehended and returned to the Blair County jail on November 27, 1948. On December 20, 1948 Rouzer pleaded guilty to prison breach, receiving stolen goods, larceny and burglary, all of which crimes were alleged to have been committed on November 20, 1948. For prison breach relator was sentenced to undergo imprisonment for a term of not less than one nor more than two years "from date of commitment, *July 29, 1948*". (Italics supplied.) Two sentences for larceny and receiving stolen goods and one for burglary, larceny and receiving stolen goods were imposed at the same time, and each of these sentences provided that it should "run consecutively" with the next preceding sentence or sentences. The cumulative result is that Rouzer is serving a term of not less than twelve nor more than twenty-six years computed from July 29, 1948. It would appear that no disposition was ever made of the offenses which relator was alleged to have committed prior to July 29, 1948 and for which he was originally incarcerated.

Rouzer's principal contention—and the only cognizable matter in his petition—is that the sentencing judge erred in directing that the sentence for prison breach imposed on December 20, 1948 be computed from July 29, 1948. The law, the court below, the district attorney and the attorney general are with the relator on this contention. There was error. Unfortunately for Rouzer, however, the error worked to his advantage and it must now be corrected.

Section 1 of the Act of May 28, 1937, P. L. 1036, 19 PS sec. 894, provides, inter alia: "from and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed *from the date of commitment for the offense for which said sentence shall be imposed* . . ." (Italics supplied.) For prison breach and the other offenses committed on November 20, 1948 the "date of commitment" was November 27, 1948 and, of course, the sentence for prison breach must "begin to run and be computed" from that date.

Because of this error in his sentence relator importunes this Court to "issue the writ of habeas corpus, and discharge [him] from the illegal, void sentence imprisoned under, with or without instructions to the lower Court to properly apply and administer the due course of law available and proper relieve [him] from the injury of sufferage of the said illegal, unlawful sentence . . ." No such drastic results flow from the minor irregularity in relator's sentence. He is not entitled to be discharged from custody. Cf. *Com. v. Schultz*, 170 Pa. Superior Ct. 504, 515, 87 A. 2d 69. The sentence should, and will, be corrected.

On appeal this Court may amend or mould a sentence so that it conforms with the law, or remand the defendant to the court below for resentence. Act of

June 24, 1895, P. L. 212, sec. 8, par. 8, 17 PS sec. 192; *Com. v. Oxman,* 173 Pa. Superior Ct. 482, 486, 98 A. 2d 424; *Com. v. Moss,* 173 Pa. Superior Ct. 367, 371, 98 A. 2d 372. The power to amend or mould to conform with the law exists to the same extent when the improper sentence is brought to the attention of this Court in a habeas corpus proceeding. *Com. ex rel. Miller v. Ashe,* 114 Pa. Superior Ct. 332, 334, 174 A. 295; *Com. ex rel. Pyeatte v. Burke,* 158 Pa. Superior Ct. 336, 338, 44 A. 2d 856.

Accordingly, relator's sentence for prison breach is amended by changing the date from which it began to run to November 27, 1948, thereby increasing the minimum and maximum terms by some 121 days.

Order affirmed.