## CIUCCI *v.* ILLINOIS.

No. 157.   Argued March 13, 1958.—Decided May 19, 1958.

*George N. Leighton* argued the cause for petitioner. With him on the brief were *Loring B. Moore* and *William R. Ming, Jr.*

*William C. Wines,* Assistant Attorney General of Illinois, argued the cause for respondent. With him on the brief were *Latham Castle,* Attorney General, and *Theodore G. Maheras,* Assistant Attorney General.

PER CURIAM.

Petitioner was charged in four separate indictments with murdering his wife and three children, all of whom, with bullet wounds in their heads, were found dead in a burning building during the early hours of December 5, 1953. In three successive trials, petitioner was found guilty of the first degree murder of his wife and two of his children. At each of the trials the prosecution introduced into evidence details of all four deaths. Under Illinois law the jury is charged with the responsibility of fixing the penalty for first degree murder from 14 years' imprisonment to death. Ill. Rev. Stat., 1957, c. 38, § 360. At the first two trials, involving the death of the wife and one of the children, the jury fixed the penalty at 20 and 45 years' imprisonment respectively. At the third trial, involving the death of a second child, the penalty was fixed at death. On appeal the Supreme Court of Illinois affirmed the conviction, 8 Ill. 2d 619, 137 N. E. 2d 40, and we granted certiorari to consider petitioner's claim that this third trial violated the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. 353 U. S. 982.

It is conceded that under Illinois law each of the murders, although apparently taking place at the same time, constituted a separate crime and it is undisputed that evidence of the entire occurrence was relevant in each of the three prosecutions. In his brief in this Court petitioner has appended a number of articles which had appeared in Chicago newspapers after the first and second trials attributing to the prosecution certain statements expressing extreme dissatisfaction with the prison sen-

tences fixed by the jury and announcing a determined purpose to prosecute petitioner until a death sentence was obtained. Neither these articles nor their subject matter is included in the record certified to this Court from the Supreme Court of Illinois.

The five members of the Court who join in this opinion are in agreement that upon the record as it stands no violation of due process has been shown. The State was constitutionally entitled to prosecute these individual offenses singly at separate trials, and to utilize therein all relevant evidence, in the absence of proof establishing that such a course of action entailed fundamental unfairness. *Hoag* v. *New Jersey, ante,* pp. 464, 467; see *Palko* v. *Connecticut,* 302 U. S. 319, 328. MR. JUSTICE FRANKFURTER and MR. JUSTICE HARLAN, although believing that the matters set forth in the aforementioned newspaper articles might, if established, require a ruling that fundamental unfairness existed here, concur in the affirmance of the judgment because this material, not being part of the record, and not having been considered by the state courts, may not be considered here.

Accordingly, the judgment of the Supreme Court of Illinois is affirmed, with leave to petitioner to institute such further proceedings as may be available to him for the purpose of substantiating the claim that he was deprived of due process.

*It is so ordered.*

MR. JUSTICE DOUGLAS, with whom THE CHIEF JUSTICE and MR. JUSTICE BRENNAN concur, dissenting.

This case presents an instance of the prosecution being allowed to harass the accused with repeated trials and convictions on the same evidence, until it achieves its desired result of a capital verdict.

Petitioner's wife and three children were found dead in a burning building. It was later established that

death was due both to the fire and to bullet wounds each had received in the head. Petitioner was first tried on an indictment charging that he had murdered his wife. At that trial the evidence was not limited to the wife's death. The deaths of the three children were also introduced, and testimony as to the cause of death of all of the victims was received. This trial was in effect a trial for the murder of all four victims for the gruesome details of each of the four deaths were introduced into evidence. Petitioner was found guilty. Under Illinois law the jury determines the sentence in a murder case between a minimum of 14 years' imprisonment and a maximum of death. Ill. Rev. Stat., 1957, c. 38, § 360. At that first trial the jury fixed the penalty at 20 years' imprisonment.

The prosecutor demanded another trial. Accordingly petitioner was next tried on a charge of murdering one of his daughters.

At the second trial the same evidence was introduced as in the first trial. Evidence concerning the four deaths once more was used. Once more all the gruesome details of the four crimes were presented to the jury. Once more the accused was tried in form for one murder, in substance for four. This time a different jury again found petitioner guilty and sentenced him to 45 years' imprisonment.

The prosecutor was still not satisfied with the result. And so a third trial was had, the one involved here.

In this third trial, petitioner was charged with murdering his son. This time petitioner objected before trial that he was being subjected to double jeopardy. He also moved to exclude testimony concerning the other deaths and after verdict he protested that he had been denied a fair trial guaranteed by the Due Process Clause of the Fourteenth Amendment. The trial court overruled those objections. At the trial complete evidence of all of the deaths and their causes was again introduced. Once more the gruesome details of four murders were presented to

a jury—the gathering of the family in their home, the fire at 2 a. m., the .22 caliber bullets in the bodies of the four victims, the borrowing by the accused of a .22 rifle, the arrival of the firemen, the autopsies at the morgue. This time a third jury sentenced petitioner to death.

In my view the Due Process Clause of the Fourteenth Amendment prevents this effort by a State to obtain the death penalty. No constitutional problem would have arisen if petitioner had been prosecuted in one trial for as many murders as there were victims. But by using the same evidence in multiple trials the State continued its relentless prosecutions until it got the result it wanted. It in effect tried the accused for four murders three consecutive times, massing in each trial the horrible details of each of the four deaths. This is an unseemly and oppressive use of a criminal trial that violates the concept of due process contained in the Fourteenth Amendment, whatever its ultimate scope is taken to be.

MR. JUSTICE BLACK concurs in this dissent on the ground that the Fourteenth Amendment bars a State from placing a defendant twice in jeopardy for the same offense.