**John TOTH, Appellant,**

v.

**R. B. ECKLE, Superintendent, London Prison Farm, Appellee.**

**No. 13342.**

United States Court of Appeals
Sixth Circuit.

June 26, 1958.

John Toth, pro se.

William M. Vance, Asst. Atty. Gen., William Saxbe, Atty. Gen., William M. Vance, Asst. Atty. Gen., Columbus, Ohio, on brief, for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from the district court's denial of a writ of habeas corpus.

In 1948 the appellant pleaded guilty in an Ohio court to an indictment charging assault with intent to kill. Imposition of sentence was suspended for three years, and appellant was placed on probation. Early in 1949 he was brought before the Ohio court as a probation violator and was committed to the county jail for sixty days. The State now concedes that the court was not authorized to impose this jail sentence as a penalty for violation of probation. Later the same year the appellant was again brought before the Ohio court as a probation violator, and this time the court imposed a sentence which might have been imposed upon his original plea of guilty. There is no question but that under Ohio law this was an authorized penalty for violation of probation. It is this sentence which the appellant is now serving, and it is his contention that in imposing it the State of Ohio has placed him in double jeopardy.

▉▉ The order of the district court must be affirmed. We agree with the trial judge's reasoning that even though the sixty day sentence imposed on the

charge of probation violation was unauthorized, "nevertheless, petitioner's probation was not affected or terminated, and the court still had jurisdiction to impose an indeterminate sentence on April 21, 1949, for violation of probation." The appellant's present confinement does not, therefore, result from the violation of any Federally protected right. Cf. Palko v. State of Connecticut, 1937, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; State of La. ex rel. Francis v. Resweber, 1947, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422; Ciucci v. State of Illinois, 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983.

The order of the district court is affirmed.