Commonwealth *v.* Phillips et al., Appellants.

Argued June 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

6

*James A. Naddeo,* for appellant.

*Ervin S. Fennell, Jr.,* Assistant District Attorney, with him *John K. Reilly, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, P. J., September 11, 1969:

We are here concerned with three direct appeals nunc pro tunc from judgments of sentence entered in the Court of Oyer and Terminer of Clearfield County. As a result of the felonious entry, September 14, 1965, of the Lithuanian Club in the Borough of Osceola Mills, Harry Phillips, Vaughn William Phillips and Richard Lee Shirey were jointly indicted, October 25, 1965, on Bill No. 28 September Sessions 1965, charging in three counts the offenses of burglary, larceny and receiving stolen goods. After separate jury trials, each appellant was found guilty on all three counts. Harry Phillips was sentenced to a term of two to ten years on the burglary charge, two to five years on the larceny charge, and two to five years on the receiving stolen goods charge, these sentences to be consecutive. Vaughn William Phillips was sentenced to a term of one to ten years on the burglary charge, one to five years on the larceny charge and one to three years on the receiving stolen goods charge, the sentence for

larceny to be consecutive to that for burglary, and the sentence for receiving stolen goods to be concurrent with the burglary sentence. Richard Lee Shirey was sentenced to a term of one to ten years on the burglary charge, two to five years on the larceny charge, and one to five years on the receiving stolen goods charge, these sentences to be consecutive.

These appeals raise primarily the same issue, namely, may a defendant be convicted and sentenced on charges both of larceny and receiving the goods stolen. The trial judge instructed the jury in each case that the defendant could be found guilty on all three counts, and no exception was taken to the charge. Our painstaking examination of this voluminous original record has revealed only an inadvertent error in connection with the sentences imposed. We will not remit the record to the court below but shall exercise our inherent power to amend. Cf. *Commonwealth v. Downer*, 161 Pa. Superior Ct. 339, 53 A. 2d 897; *Commonwealth ex rel. Rouzer v. Claudy*, 178 Pa. Superior Ct. 106, 113 A. 2d 321.

Section 24 of the Act of March 31, 1860, P. L. 427, 19 P.S. 411, specifically authorizes the joinder in one indictment of a count charging receiving stolen goods with a count charging larceny of the goods. After a verdict of guilty on such an indictment, a general sentence is proper if one of the counts in the indictment will sustain it: *Commonwealth ex rel. Scasserra v. Keenan*, 175 Pa. Superior Ct. 636, 106 A. 2d 843. This court has frequently refused to disturb judgments of sentence for larceny, or receiving stolen goods, where the verdict found the defendant guilty on both counts, provided that sentence was imposed on only one count: *Commonwealth v. Bitler*, 133 Pa. Superior Ct. 268, 2 A. 2d 493. A separate and distinct sentence should not be imposed on each count, *Commonwealth v. Samson,*

76 Pa. Superior Ct. 226.   As these appellants were sentenced on both counts they have just grounds for complaint.   Cf. *Commonwealth v. Holgate,* 63 Pa. Superior Ct. 246.

The judgments of sentence imposed upon the charges of receiving stolen goods are vacated.   In all other respects the judgments of sentence are affirmed.[1]

---

[1] It should perhaps be noted that it was not improper to impose separate sentences on the burglary and larceny counts: *Commonwealth ex rel. Comer v. Claudy,* 174 Pa. Superior Ct. 494, 102 A. 2d 227.