## Commonwealth v. Brown, Appellant.

Submitted September 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph F. Brown, Jr.,* appellant, in propria persona.

*Ervin S. Fennell, Jr.,* Assistant District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 10, 1969:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant pleaded guilty to being an accessory before the fact to larceny, being an accessory after the fact to larceny, and receiving stolen goods. The bill to which he pleaded states, in pertinent part: ". . . [O]n or about the 13th day of January, 1966, . . . the Defendant . . . did unlawfully and knowingly act as an accessory before the fact to the felony of larceny in that he unlawfully and knowingly assisted, counselled, and abetted one Glenn Benninger to encourage Douglas L. Rezyle, a minor, to steal from his father, money, in the amount of approximately $110.00; . . . [The defendant] on or about the 13th day of January, 1966, . . . did act as accessory after the fact to the felony of larceny with Glenn Benninger in that he did unlawfully and knowingly cooperate, assist, counsel and abet in the perpetration of said larceny and accepted a share of the money received; . . . [The defendant] on or about the 13th day of January, 1966, . . . did act unlawfully and feloniously receive money in the value of approximately

$110.00 which was the property of the father of one [Douglas] L. Rezyle, a minor, the said [defendant], well knowing the same to have been feloniously taken, stolen and carried away . . . ."

Appellant was sentenced to one to three years imprisonment on the receiving stolen goods charge, three years probation on the accessory before the fact charge, and three years probation on the accessory after the fact charge,[1] all sentences to run *consecutively*.

On this appeal *nunc pro tunc* from the judgment of sentence, appellant questions whether the sentences imposed were lawful.

I

*The Charges of Accessory After the Fact to Larceny and Receiving Stolen Goods*

Among the principles expressed by the pleas of double jeopardy and autrefois convict is that a person should not be subjected to "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072 (1969). In applying the above principle, it is often difficult to decide whether there has been multiple punishment. Compare *Ex parte Lange*, 18 Wall. 163 (1873), with *Benton v. Maryland*, 395 U.S. 784, 89 S. Ct. 2056 (1969). This difficulty is not present here since appellant received separate, consecutive sentences upon his convictions for being an accessory after the fact to larceny and for receiving stolen goods. The difficulty that is presented, however, is whether under the facts set forth in the bill of indictment, the aforementioned convictions were for the same offense.

---

[1] Accessory after the fact to larceny is a misdemeanor and is punishable by a fine not exceeding $1000 or by imprisonment not exceeding *two* years, or both. Act of June 24, 1939, P. L. 872, §1105, 18 P.S. §5105.

Several tests have been devised to determine whether two convictions are for the same offense. These tests have not been helpful, however, because they have failed to note that offenses express the state's concern with regard to interests it desires to protect.

One test was to ask whether the convictions grew out of the same transaction. See, e.g., *Commonwealth v. Birdsall*, 69 Pa. 482 (1872); *Commonwealth ex rel. Ciampoli v. Heston*, 292 Pa. 501, 141 A. 287 (1928). This test was eventually abandoned, see, e.g., *Albrecht v. United States*, 273 U.S. 1, 47 S. Ct. 250 (1927); *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A. 2d 920 (1941); *Commonwealth v. Taylor*, 193 Pa. Superior Ct. 386, 165 A. 2d 134 (1960), since what appears to be one transaction often may be broken down into several sub-transactions, if each sub-transaction runs counter to an interest the state expressly desires to protect.

Another test was to ask whether the convictions were supported by the same evidence. See e.g., *Tritico v. United States*, 4 F. 2d 664 (5th Cir. 1925); *Goetz v. United States*, 39 F. 2d 903 (5th Cir. 1930). This test, too, does not always furnish an accurate guide. See e.g., *Burton v. United States*, 202 U.S. 344, 26 S. Ct. 688 (1906); *Gavieres v. United States*, 220 U.S. 338, 31 S. Ct. 421 (1911); *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932); *United States v. Michener*, 331 U.S. 789, 67 S. Ct. 1509 (1947), rev'g 157 F. 2d 616 (8th Cir. 1946); *Hoag v. New Jersey*, 356 U.S. 464, 78 S. Ct. 829 (1958); *Ciucci v. Illinois*, 356 U.S. 571, 78 S. Ct. 839 (1958). The inaccuracy arises because the same evidence, differently described, may reveal several interests the state expressly desires to protect.

In *Blockburger*, for example, the same sale of drugs was held to constitute two offenses, sale of drugs not

in their original stamped package and sale of drugs not pursuant to the written order of the person to whom sold. The stamped package offense may express an interest in preventing fraudulent practice or accidental substitution of drugs. The written order offense may express an interest in maintaining a record of circulated drugs or in preventing use of unprescribed drugs. The Supreme Court held that both offenses, though founded on the same sale, could be punished.

In *Gavieres,* one disorderly act involving both boisterous and drunken conduct in a public place and insults to a police officer were held to constitute two offenses. The boisterous conduct offense may express an interest in preventing disturbances to public order. The insults to a police officer offense may express an interest in maintaining respect for the law or in protecting policemen from attack. The Supreme Court held that both offenses, though founded on the same act, could be punished.

I agree that different interests may give rise to several offenses from one set of facts, and that both offenses may be punished.[2] I would, however, limit the state from multiplying offenses so as to impose excessive and unfair punishment.[3]

No problem of limitation is present under the circumstances of this case because, here, being an accessory after the fact to larceny and receiving stolen

---

[2] I do not necessarily agree that two offenses, both of which are punishable, can be prosecuted separately. Compare *Hoag* and *Ciucci* with *Brock v. North Carolina,* 344 U.S. 424, 73 S. Ct. 349 (1953) ; *Green v. United States,* 355 U.S. 184, 78 S. Ct. 221 (1957). Also see Comment, 107 U. Pa. L. Rev. 109 (1958).

[3] Such limitation might be imposed, for example, were the one act of receiving, under the circumstances of this case, to result in separate, consecutive sentences for receiving stolen goods, contributing to the delinquency of a minor, and conspiracy.

goods express the identical state interest of preventing the disposal of stolen goods. The other state interest normally associated with accessory after the fact is the prevention of aid to escaping criminals. This interest, however, is not present in this case. To convict appellant of both would be multiple punishment for the "same offense" and, hence, a violation of double jeopardy, U.S. CONST. amend. V, XIV; *Benton v. Maryland*, supra, and the doctrine autrefois convict. See, e.g., *Commonwealth ex rel. Papy v. Maroney*, 417 Pa. 368, 207 A. 2d 814 (1965). Cf. *Commonwealth ex rel. Russo v. Ashe*, 293 Pa. 322, 142 A. 317 (1928).

## II

*The Charges of Accessory Before the Fact to Larceny and Receiving Stolen Goods*

A single indictment may charge both larceny and receiving of the same stolen property. Act of March 31, 1860, P. L. 427, §24, 19 P.S. §411. Moreover, a general verdict of guilty on such an indictment will be sustained. See, e.g., *Commonwealth ex rel. Scasserra v. Keenan*, 175 Pa. Superior Ct. 636, 106 A. 2d 843 (1954). But a defendant may not be sentenced for both larceny and receiving the stolen property. See *Commonwealth v. Samson*, 76 Pa. Superior Ct. 226 (1921), and Judge WRIGHT'S excellent opinion in *Commonwealth v. Phillips*, 215 Pa. Superior Ct. 5, 257 A. 2d 81 (1969). Cf. *Heflin v. United States*, 358 U.S. 415, 79 S. Ct. 451 (1959).

The reason for such a rule is not hard to fathom. It is "for the commonsensical, if not obvious, reason that a man who takes property does not at the same time give himself the property he has taken." *Milanovich v. United States*, 365 U.S. 551, 558, 81 S. Ct. 728 (1961) (FRANKFURTER, J., dissenting). And although, for convenience sake, we permit a general ver-

dict of guilty by a jury or by plea, we realize at sentencing that the two crimes are inconsistent. Hence, we permit sentencing to be imposed upon only one of them.

The question presented here is whether, under the circumstances of this case, the charges of being an accessory before the fact to larceny and receiving stolen goods are also inconsistent, so that appellant cannot be sentenced for both.[4]

"An accessory before the fact is one who plans, cooperates, assists, aids, counsels or abets in the perpetration of a felony, but who is absent when the crime is committed." *Commonwealth v. Finkelstein,* 191 Pa. Superior Ct. 328, 332-333, 156 A. 2d 888 (1959). Cf. *Commonwealth v. Darnell,* 179 Pa. Superior Ct. 461, 116 A. 2d 310 (1955). Although the accessory's acts are preliminary, however, we treat him as a principal. He is "indicted, tried, convicted, . . .[and] punished in all respects as if he were the principal felon." Act of June 24, 1939, P. L. 872, §1105, as amended, 18 P.S. §5105. See *Commonwealth v. Heffelfinger,* 82 Pa. Superior Ct. 351 (1923); *Commonwealth v. Jones,* 97 Pa. Superior Ct. 417 (1929); *Commonwealth v. Mourar,* 167 Pa. Superior Ct. 276, 74 A. 2d 732 (1950). Since the accessory is treated as if he were the thief, it is incumbent upon us to consider whether in this case, he should have been sentenced as the receiver, too.

In *Milanovich,* for example, a defendant who drove several thieves to the place of the theft, drove off, and received part of the booty many days later, was found guilty of both larceny, arising out of her aiding and abetting, and of receiving stolen goods. The Supreme Court reversed, holding that the jury should have been

---

[4] I have no doubt that the state could, if it attempted to do so, create two independent offenses from this transaction. See, e.g., *Gore v. United States,* 357 U.S. 386, 78 S. Ct. 1280 (1958). The question is, however, whether it meant to do so.

instructed that they could find the defendant guilty of larceny or receiving, but not both. Justice FRANK-FURTER, dissenting, agreed that where the aiding and abetting was contemporaneous with the receiving, it was inconsistent to punish both. He thought, however, the circumstances indicated that the receiving was sufficiently severed from the aiding and abetting to constitute two distinct acts.

Here, the contemporaneity of appellant's acts of accessory and receiving would satisfy both the majority in *Milanovich* and Justice FRANKFURTER. Appellant induced a minor to steal money from his father. The minor did so, returned with the money, and gave it to appellant. These events occurred on the same day and, as far as we know, within a short period of time. Accordingly, we consider the accessory before the fact as the thief. It would be inconsistent, therefore, to sentence him for both larceny and receiving.

I would vacate all sentences and remand the record to the court of common pleas for sentencing upon one of the three counts to which appellant pleaded guilty.[5]

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.

---

[5] It should be noted that, on remand, the lower court must give due regard to the holdings of *North Carolina v. Pearce*, supra, with regard to harsher sentences upon re-sentencing.