**Leslie PULLEY, Petitioner,**

v.

**J. W. NORVELL, Warden, Respondent.**

**No. 19726.**

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 1970.

Robert F. Hedgepath (Court Appointed), Nashville, Tenn., for appellant.

Bart Durham, Asst. Atty. Gen., Nashville, Tenn., David M. Pack, Atty. Gen., of counsel, for appellee.

Before PHILLIPS, Chief Judge, BROOKS, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PHILLIPS, Chief Judge.

Leslie Pulley appeals from the decision of the United States District Court denying his petition for a writ of habeas corpus.

On the evening of January 24, 1965, Pulley and another masked man (now

deceased) robbed S. J. Wilson and his housekeeper, Mrs. Margaret Hughes, at Mr. Wilson's home in Williamson County, Tennessee. On September 24, 1965, Pulley entered a plea of guilty to the armed robbery of Mr. Wilson and his sentence was set by a jury at twelve years' imprisonment. On April 13, 1966, he entered a plea of guilty to the armed robbery of Mrs. Hughes and was sentenced to a term of ten years' imprisonment, to run consecutively with the earlier sentence. He also was sentenced to four lesser sentences for other crimes, with these sentences running concurrently with the longer sentences.

In 1967 Pulley began a collateral attack on his convictions in the State courts under the post conviction relief statute of Tennessee. T.C.A. § 40–3801 et seq. On September 22, 1967, the Circuit Court of Williamson County, Tennessee conducted an evidentiary hearing, found Pulley's contentions to be without merit and denied him relief. Pulley sought to appeal that decision, and was granted ninety days to file a bill of exceptions. The transcript of the hearing was not provided by the State in time to comply with the ninety day deadline. The State trial judge who presided at the evidentiary hearing entered an order nunc pro tunc allowing the appeal to be prosecuted. The bill of exceptions as filed was approved by the attorneys for Pulley, the State and the trial judge. The denial of post-conviction relief was affirmed by the Tennessee Court of Criminal Appeals. The Supreme Court of Tennessee denied certiorari. Pulley then sought relief in the United States District Court. District Judge Frank Gray, Jr., denied the petition and dismissed the action without an evidentiary hearing. Pulley then filed this appeal.

Two questions are presented:

(1) Did the Tennessee Court of Criminal Appeals, in considering the record of the post conviction proceeding filed out of time pursuant to the nunc pro tunc order, violate petitioner's right to the equal protection of the laws inasmuch as an indigent he was entitled to a timely bill of exceptions?

(2) Was it constitutionally permissible to impose consecutive sentences for the armed robbery of two persons committed on one occasion?

I.

Pulley correctly contends that as an indigent he was entitled to a transcript or bill of exceptions in time to file an appeal within the time permitted under State law. He asserts that a bill of exceptions filed out of time could not be considered for any purpose on appeal under the law of Tennessee. He argues that the record was a nullity and that he is entitled to have his case remanded to afford him a new evidentiary hearing so that he could then take a timely appeal if unsuccessful in the new hearing.

There are numerous Tennessee cases holding that a bill of exceptions filed out of time is void and will not be considered. See Thomas v. State, 206 Tenn. 633, 337 S.W.2d 1. In the present case, however, the bill of exceptions was filed nunc pro tunc and was considered by the Tennessee Court of Criminal Appeals and certiorari was denied by the Supreme Court of Tennessee.

Pulley received a thorough review of his case by the appellate courts of Tennessee in spite of the fact that his bill of exceptions was filed some seventeen days late.

The time limit imposed upon the filing of the bill of exceptions was the product of a day in which transcripts were not made and the trial judge had to rely on his memory in approving the recitation of the evidence and proceedings. As explained by the Supreme Court of Tennessee in Dunn v. State, 127 Tenn. 267, 273, 154 S.W. 969:

"The reason why the bill of exceptions must be made up and signed within the term, or within thirty days thereafter, is that with the lapse of time the

impression made on the memory of the judge becomes more faint, and his recollection less reliable as to the evidence deposed to and the incidents of the trial, and it is the dictate of prudence as well as the policy of the law that these matters shall be written down and submitted to him while they are still safely within his grasp. Clark v. Lary, 35 Tenn. (3 Sneed) 77, 79, 80."

In the present case a full transcript of the hearing before the State trial judge is preserved and the reason for the rule establishing the time limit does not exist. On a date after Pulley's post conviction hearing in the State courts the Tennessee Legislature enacted a statute providing that bills of exceptions in criminal cases may be filed after the expiration of the time limit, on the application of either party for good cause shown. T.C.A. § 27–111, as amended by Chapter 475, Public Acts of 1970.

■ Pulley complains because his appeal was considered even though the bill of exceptions was filed out of time. He makes no showing that he was prejudiced in any manner by this action. We find this contention to be without merit.

## II.

On the second issue, Pulley seeks to escape the second robbery sentence under Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469.

In *Ashe* three or four masked armed men robbed the participants in a poker game. Three men were arrested following the crime near an abandoned stolen automobile and one of them had in his possession a wallet belonging to one of the victims. Shortly thereafter Ashe was arrested alone. At the first trial for the armed robbery of one victim, named Knight, the instructions made it clear that if Ashe participated at all in the robbery, that is, if Ashe were one of the robbers, and if there was a theft from Knight, he would be guilty even

though he had not personally robbed Knight. He defended the charge by denying that he was one of the robbers. The jury returned a verdict of not guilty due to insufficient evidence. The State of Missouri then tried him for robbery of a second poker player and obtained a conviction. The United States District Court declined to issue a writ of habeas corpus and the Court of Appeals for the Eighth Circuit affirmed.

The Supreme Court reversed, holding that the federal rule of collateral estoppel, which is embodied in the Fifth Amendment's guaranty against double jeopardy, made a second trial impermissible because the first trial had established that the accused was not one of the robbers. The Supreme Court specifically left open the question now before this Court, saying:

*"The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players.* It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again.

"After the first jury had acquitted the petitioner of robbing Knight, Missouri could certainly not have brought him to trial again upon that charge. Once a jury had determined upon conflicting testimony that there was at least a reasonable doubt that the petitioner was one of the robbers, the State could not present the same or different identification evidence in a second prosecution for the robbery of Knight in the hope that a different jury might find that evidence more convincing. The situation is constitutionally no different here, even though the second trial related to another victim of the same robbery. For the name of the victim, in the circum-

stances of this case, had no bearing whatever upon the issue of whether the petitioner was one of the robbers." (Emphasis added.) 397 U.S. 436, 446, 90 S.Ct. 1189, 1195, 1196.

Ashe v. Swenson, *supra*, overruled Hoag v. New Jersey, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913, in which on similar facts the Supreme Court had held that the Fifth Amendment did not apply to the States in the field of double jeopardy or collateral estoppel.

It is significant that Ciucci v. Illinois, 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983, decided the same day as *Hoag*, was not overruled by *Ashe*. In *Ciucci* a man was accused of killing his wife and two children by shooting them and leaving them in a burning building. He was tried in three separate trials and convicted each time of first degree murder. The Court affirmed the convictions upon the same basis as *Hoag* but with the factual distinction that in *Ciucci* the defendant was convicted at the earlier trial while the defendant in *Hoag* was acquitted. We construe *Ashe* to recognize a distinction between a case where the defendant is convicted in trial one of a crime against A and in trial two of a crime occurring the same time against B, and the situation where at the first trial one of the defendants is acquitted of a crime against A under circumstances that the defendant's presence or absence at the scene of the crime is resolved in favor of the accused.

Our interpretation of *Ashe* is strengthened by the concurring opinion of Mr. Justice Brennan joined by Mr. Justice Douglas and Mr. Justice Marshall, espousing the single transaction test.

Affirmed.

This Court expresses appreciation to Mr. Robert F. Hedgepath of the bar of Nashville, Tennessee, for his capable service as court-appointed counsel in this case.