Kendall Murel **ALLISON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44730.

Court of Criminal Appeals of Texas.

March 29, 1972.

Rehearing Denied May 24, 1972.

Vincent W. Perini, Dallas, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, life.

Appellant's first four grounds of error involve the applicability of the law of former jeopardy to this case.

■ From an examination of this record, plus the record in the former conviction which is made a part of this record, it is apparent that at approximately 1:15

A.M. on June 7, 1968, appellant robbed a service station and fled therefrom. At approximately 2 A.M. on the same morning Officer Gholston encountered appellant, who he thought fit the robber's description, approximately one half a mile from the service station and attempted to question him. Appellant then overcame Gholston, took his service revolver and fled on foot. Appellant was captured shortly thereafter. He was first tried for the service station robbery in August 1969 and, upon conviction, his punishment was assessed at ten (10) years confinement. In May 1970, appellant was tried for the robbery of Officer Gholston. This is an appeal from such conviction. Officer Gholston testified to substantially the same facts concerning his encounter with appellant at both trials. Appellant contends his conviction for the service station robbery barred his prosecution for the robbery of the policeman.

It is apparent from the above that these two robberies were not a part of the same transaction and the law applicable to such cases is not controlling here.

Recently in Bradley v. State, 478 S.W.2d 527, we held that the doctrine of collateral estoppel, as applied in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, had no application where the prior trial had resulted in a conviction. In Pulley v. Norvell, 431 F.2d 258, the 6th C.Ct. of App., dealing with a question of former jeopardy involving two offenses growing out of the same transaction (a situation not present here), also distinguished Ashe v. Swenson, supra, on the ground that in Ashe the prior trial revealed an acquittal, while in the case before the court the first trial resulted in a conviction. The court declined to hold that jeopardy applied.

On the facts and on the law we hold that jeopardy has not been shown.

We overrule the appellant's contention that the court erred in failing to charge the jury on simple and aggravated assault. No issues were raised in the evidence to require the submission of either.

Appellant's last contention is that the prior conviction alleged in the indictment was not available for enhancement because it was not shown that he was represented by counsel at the time of his prior conviction in Rockwall County. Appellant testified that he had no lawyer and no money at the time he entered his plea. The judgment introduced in evidence shows that appellant was represented by the Honorable Leon Smith when he pled guilty and was sentenced in the prior conviction alleged for enhancement.

Appellant's testimony was not sufficient to overcome and destroy the presumption of the regularity and accuracy of the judicial records in question or to require a finding that appellant was not represented by counsel in the Rockwall County case, Mullenix v. State, Tex.Cr.App., 443 S.W.2d 264, and Williams v. State, Tex.Cr.App., 464 S.W.2d 852.

We have examined appellant's remaining contention and find it without merit.

Finding no reversible error, the judgment is affirmed.