Bobby Joe CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 44983.

Court of Criminal Appeals of Texas.

June 7, 1972.

484

John Cutler, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Calvin Botley and James A. Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is taken from a conviction for the offense of unlawfully carrying a prohibited weapon in a place where alcoholic beverages are sold and consumed. Punishment was assessed by the court at two years.

Appellant contends that the trial court erred in denying his plea of "autrefois acquit".

In the case at bar, we do not have before us the transcription of the court reporter's notes of the prior proceedings, upon which this claim is based. The record does contain the indictment and judgment from the prior proceeding as well as some excerpts from the testimony of the appellant and two witnesses.

These excerpts show that: (1) on August 23, 1970, appellant entered the Blue Flame Lounge in Houston with a pistol in his possession; (2) Freeman Smith had approached appellant in the lounge and told him that he wanted to see appellant "outside about something he had said about his son"; (3) Freeman Smith then depart-

ed; (4) appellant pulled his pistol and immediately followed Smith; (5) that witnesses inside the lounge heard a gunshot; (6) appellant was indicted for the murder of Smith; and (7) a jury acquitted appellant of the murder charge.

In support of his contention, appellant relies on Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (19—). His reliance is misplaced. In *Ashe*, the accused had been acquitted of committing the armed robbery of one of six poker players. The court held that the doctrine of collateral estoppel prevented a second trial for the robbery of another player in that game. The court reasoned that the sole issue in dispute in the first trial was whether the accused was one of the robbers. The issue of identity having been resolved by the jury against the state, the state was estopped from relitigating that issue at the second trial.

■ In the instant case, the identity of appellant and his possession of the pistol in the lounge were not in issue in the first trial. Therefore, these issues were not determined adversely to the state's position in the case at bar. Cf. Hutchings v. State, Tex.Cr.App., 466 S.W.2d 584 (Onion, P. J., concurring).

■ That appellant possessed the pistol in question on premises licensed to sell intoxicating beverages, and apparently used that pistol to shoot another, from which incident a murder indictment resulted, does not constitute identical offenses but rather separate and distinct offenses. Benard v. State, 481 S.W.2d 427; McMillan v. State, Tex.Cr.App., 468 S.W.2d 444.

There being no reversible error, the judgment is affirmed.