Julius C. SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 45732.

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Donald Eastland and David B. Anderson, Hillsboro, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, two hundred (200) years.

■ Appellant's first grounds of error arise out of the claim of double jeopardy and collateral estoppel. On December 11, 1969, two men, J. C. Phillips and R. L. McClure, were shot and killed by robbers who entered the Phillips' store. Appellant was convicted of the murder of Phillips and his appeal was affirmed. Scott v. State, Tex.Cr.App., 471 S.W.2d 379. After a change of venue, appellant was convicted in Johnson County of the murder of Mc-Clure. This is that appeal.

A very similar fact situation was recently before this Court in Bradley v. State, Tex.Cr.App., 478 S.W.2d 527, except in that case both injured parties survived and were able to testify. In this transaction the State was able to show that each deceased was killed by a bullet wound to the head and that their bodies were found at different places in the store.

We adopt the reasoning in Bradley v. State, supra, and overrule the contention that the principle of collateral estoppel has application to this second successful murder prosecution. Likewise, as in Bradley, supra, we hold that since there were two separate acts and two separate murders committed the doctrine of carving is not applicable.

Appellant's first grounds of error are overruled.

■ Appellant next contends that the court erred in denying his challenge for cause as to prospective veniremen. As to venireman Wade, he contends that he was disqualified because he testified that he would infer guilt if appellant failed to testify. Turner v. State, Tex.Cr.App., 462 S.W.2d 9, is relied upon. There we said:

"The ground of error numbered 8 relates the State's challenge of venire-woman Henderson who stated that she would infer guilt if the appellant did not testify. Clearly her answer would disqualify her under Article 38.08, V.A.C.C.P., and she was disqualified."

Reference to the record in that case reveals that Mrs. Henderson after the court's diligent effort to rehabilitate her candidly stated,

"A. Well, if he didn't testify I wouldn't understand why he didn't."

Further, in answer to the Court's question,

"Q. . . . I need to know whether or not you would consider his failure to testify as a circumstance against him.

"A. Yes, I am afraid I would."

In the case at bar, it was the defense counsel who elicited the first answer from venireman Wade concerning the appellant's failure to testify and when he elicited an answer that indicated he was disqualified the same counsel continued in his efforts to rehabilitate the venireman and was successful in doing so by getting him to agree that he would place no burden upon the defendant to bring any evidence of his innocence. Thereafter, appellant's counsel abandoned his effort to disqualify venireman Wade on this ground.

As to venirewoman Brister, in answer to appellant's counsel she indicated that she might be disqualified. However, the State completely rehabilitated her and upon recross she committed herself not to hold it against the appellant whether "he did or didn't testify" and finally stated that she would not consider his failure to testify as any evidence of his guilt.

Appellant's next ground of error relates to an alleged improper cumulation of the sentence in this conviction with his prior conviction in Hill County. The sentence in the record before us contains no order of cumulation and this contention is moot.

Ground of error number 6 relates to the failure of the court to charge on the issue of double jeopardy. Such contention was decided adversely to the appellant in our opinion in Bradley v. State, supra, which we deem here controlling.

Finding no reversible error, the judgment is affirmed.