**T. C. JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47699.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Walter E. Boyd, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted of robbery by assault following a plea of guilty before the court. Punishment was assessed at sixty (60) years confinement. (See also Jones v. State, Tex.Cr.App., 481 S.W.2d 900).

The record reflects that on August 17, 1970, appellant robbed Melva Lee, an employee of Frank's Superette grocery store, of a sum of money. During the robbery, appellant was attempting to put coins from the cash register in his pocket when his pistol discharged striking Virginia Williams, another employee stationed at another cash register.

Appellant was indicted separately for robbery by assault of Melva Lee and for assault with the intent to kill Virginia Williams by shooting her with a gun. During the trial before the court on January 22, 1973, in both of the aforementioned causes [1] appellant waived a trial by jury, plead guilty following proper admonishment and executed a written stipulation of evidence in which he waived the appearance, confrontation and cross-examination of witnesses.

Appellant judicially confessed to both offenses, and, in addition, testimony was elicited from the victims of each crime.

 Appellant in his sole ground of error contends that "the conviction for robbery is invalid because the appellant was placed in double jeopardy in violation of the double jeopardy provisions of the Federal and State Constitutions by virtue of his prior and final conviction . . . of assault to murder . . ." [2]

Appellant relies primarily on Duckett v. State, Tex.Cr.App., 454 S.W.2d 755, to support his contentions. However, in Bradley v. State, Tex.Cr.App., 478 S.W.2d 527, we explained *Duckett*, supra, as follows:

"In *Duckett*, supra, Duckett was first convicted of robbery by assault with firearms of one Leonard Cash, and was also convicted for assault to murder Leonard Cash. Both convictions were for the same assault upon the same person occurring at the same time and place. This Court reversed the second conviction, holding that the conviction for assault to murder being the same

transaction and upon the same evidence as the robbery by assault with a firearm constituted double jeopardy in violation of the Fifth Amendment to the Constitution of the United States. Benton v. Maryland, 395 U.S. 784, 87 S.Ct. 2056; 23 L.Ed.2d 77 (1969)."

In Bradley v. State, supra, the defendant assaulted and robbed the owner of a liquor store. Then, a customer entered the store before the robbers left and he was also robbed. This Court held that Duckett v. State was not applicable because the two robberies constituted separate acts and separate robberies were committed. See also Scott v. State, Tex.Cr.App., 490 S.W.2d 578.

Appellant committed two separate, distinct and independent acts while robbing Melva Lee, the robbery of Lee and the assault on Williams. He admitted in his judicial confession that during the robbery of Lee, he, with malice aforethought and with intent to kill, shot Virginia Williams. As in *Bradley*, supra, there are two victims, a separate victim for each offense. The transactions, though occurring at the same time and place, constitute separate offenses involving separate issues of law. Scott v. State, Tex.Cr.App., 490 S.W.2d 578; Benjamin v. State, 160 Tex.Cr.R. 624, 274 S.W.2d 402; Thompson v. State, 90 Tex.Cr.R. 222, 234 S.W. 400. See also Sutton v. State, Tex.Cr.App., 495 S.W.2d 912; Carter v. State, Tex.Cr.App., 483 S.W.2d 483.

As in *Scott*, supra, we again adopt the reasoning in *Bradley*, supra, and overrule the contention that the principle of collateral estoppel has application to the second conviction, the robbery by assault. Like-

---

1. The only cause appellant has appealed is the conviction for the robbery of Melva Lee.

2. Although this plea of former jeopardy was not raised in the trial court, we are not precluded from reviewing the questions here presented, since it involves a violation of both the State and the Federal Constitutions, and

would require our review "in the interest of justice." See Art. 40.09, Sec. 13, Vernon's Ann.C.C.P.; Duckett v. State, Tex.Cr.App., 454 S.W.2d 755. In the instant case, the two convictions were in the same court, on the same day, before the same judge, and were based on the same evidence. Cf. Shaffer v. State, Tex.Cr.App., 477 S.W.2d 873.

wise, we hold that since there were two separate acts and two separate offenses committed the doctrine of carving is not applicable. Scott v. State, supra.

Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.