Samuel T. WAFFER, Appellant,

v.

The STATE of Texas, Appellee.

No. 47297.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

Leonard C. Craig, Tyler, for appellant.

Curtis Owen, Dist. Atty., and Tom Tatum, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from a conviction in a trial before a jury of rape. Punishment was assessed at seventy-five (75) years.

The facts in evidence are substantially as set forth in Waffer v. State, Tex.Cr. App., 500 S.W.2d 659. That case involved an assault upon the companion of the prosecutrix herein with the intent to rob. Except as necessary to pass upon the grounds of error raised by appellant, we shall not repeat in detail the evidence.

Appellant initially makes the contention that his conviction in the assault to rob case, supra, constituted former jeopardy, and that the trial court erred in overruling his motion to dismiss the present prosecution. He argues that the assault to rob and the rape occurred in one transaction, involving the same evidence, and that the State should not be allowed to try an accused twice under such circumstances, particularly where the evidence of the second offense has been used by the State to cause the jury to assess a greater punishment on the first trial.

In Jones v. State, 502 S.W.2d 164 (1973), the defendant was indicted separately for robbery by assault on one person, and assault with intent to murder another. The evidence showed that the assault to murder occurred during the robbery. The court, in refusing to hold the conviction for assault with intent to murder to be double jeopardy in the robbery case, said:

"Appellant committed two separate, distinct and independent acts while robbing Melva Lee, the robbery of Lee and the assault on Williams. He admitted in his judicial confession that during the robbery of Lee, he, with malice aforethought and with intent to kill, shot Virginia Williams. As in Bradley, supra [1] there are two victims, a separate victim for each offense. The transactions, though occurring at the same time and place, constitute separate offenses involving separate issues of law. Scott v. State, Tex. Cr.App., 490 S.W.2d 578; Benjamin v. State, 160 Tex.Cr.R. 624, 274 S.W.2d 402; Thompson v. State, 90 Tex.Cr.R. 222, 234 S.W. 400. See also Sutton v. State, Tex.Cr.App., 495 S.W.2d 912; Carter v. State, Tex.Cr.App., 483 S.W.2d 483."

In the instant case, there were also two victims, a separate victim for each offense. The transactions did not even occur at the same time or place, since the assault with intent to rob occurred outside the car, and after it was over and the victim forced to enter the trunk of the automobile, the prosecutrix was by the use of a rifle and by threats forced to get in the back seat of the car, where the rapes occurred. For the reasons stated in Jones, supra, and Bradley, supra, we overrule appellant's first ground of error. See also King v. State, 502 S.W.2d 800 (1973).

The next contention is that the court erred in permitting the witness

1. Bradley v. State, 478 S.W.2d 527.

**410**

Tomkins, companion of prosecutrix, to testify over objection that an opinion was called for that there was enough light for him to see and identify appellant at the time of these offenses. Tomkins testified that there was a light on a pole somewhere between 30 and 120 feet from the place where their car was parked and that this, together with the moon, furnished sufficient light for him to identify appellant. The question to which the objection was made concerned a fact about which the witness had personal knowledge, and of which the court properly permitted him to testify. The ground of error is overruled.

█ Appellant in his third ground alleges error in the admission in evidence of a photograph of the car in which appellant and his companions were riding when they approached the car of Tomkins and prosecutrix. He contends error in his fourth ground in allowing the State to reopen its case after both sides had rested to allow introduction of testimony by a police officer that he had observed prior to the date of the offense appellant driving the car shown in the photograph. This evidence was material on the issue of identity of appellant, and the trial court did not abuse his discretion in permitting the State to reopen and introduce it. Granato v. State, 493 S.W.2d 822.

In his last ground of error, appellant raises the contention of insufficiency of the evidence. Prosecutrix tesitfied that, against her will and without her consent, appellant, using a rifle, and one of his companions using a knife, forced her to undress, get in the back seat of her companion's car after placing him in the trunk, and to have sexual intercourse with appellant and each of his companions. Tompkins, while in the trunk, heard prosecutrix's protests and screams. The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.