**Leonard Anthony SIMIEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48315.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Rehearing Denied Oct. 30, 1974.

---

.22-caliber rifle from the trunk of his car. He fired two shots, hitting each Dennis brother in the head and killing each. Although the two shots were fired in such rapid succession that it was difficult for the witnesses to say which brother was first shot, it is agreed that appellant shot Roosevelt first and then shot Elbin.

Appellant was separately indicted for each murder. Tried first for the murder of Roosevelt, appellant was found guilty of murder without malice by the jury. Prior to his trial for the murder of Elbin, appellant filed a plea of former jeopardy, making proof that the first conviction was final. The court, after a hearing, overruled the plea. Tried for the murder of Elbin, appellant was found guilty of murder with malice.

His plea of former jeopardy is founded on the doctrine of collateral estoppel, enunciated in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), to mean "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. 443, 90 S.Ct. 1194. There, three or four men robbed six poker players. Ashe was tried and acquitted of the robbery of one of the players; thereafter, he was tried and convicted of the robbery of another player. Determining that the former acquittal was a jury finding that Ashe was not one of the robbers, the Supreme Court invoked the doctrine of collateral estoppel to nullify the conviction on the ground that the ultimate fact issue of Ashe's identity as one of the robbers could not constitutionally be relitigated.

Everett Lord and Walter M. Sekaly, Beaumont, for appellant.

Tom Hanna, Dist. Atty. and Richard Hughes, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

REYNOLDS, Commissioner.

Convicted of murder with malice, appellant's punishment was assessed at twenty-five years. The conviction is challenged on the ground of former jeopardy.

An exchange of words passed between appellant and Elbin Dennis in Ozelle's Bar in Port Arthur. Elbin grabbed appellant by the arm and escorted him outside where they began fighting. They were separated by Snowden Williams who, with Roosevelt Dennis, the brother of Elbin, had come from the bar to stop the fighting. Appellant then ran across the street and took a

■ Here, appellant contends that since the first jury determined the ultimate fact of his lack of malice when he killed Roosevelt, such fact finding established his state of mind when he killed Elbin. Appellant does not contend he cannot be tried for the murder of Elbin; he simply contends that, absent any evidence of the for-

**454**

mation of malice toward Elbin between the two shots, he cannot be tried or convicted for murdering Elbin with malice. By this demarcation, he seeks to avoid the recognized inapplicability of the doctrine of collateral estoppel where the prior trial resulted in a conviction rather than in an acquittal.

Federally, *Ashe* has been construed to recognize a distinction between an acquittal (under circumstances where the presence or absence of the accused at the scene of the crime is resolved in his favor) and a conviction in the prior trial of one accused of crimes occurring at the same time. Under this construction, the doctrine of collateral estoppel does not apply if the first trial resulted in a conviction. Pulley v. Norvell, 431 F.2d 258 (6th Cir. 1970, cert. denied 401 U.S. 916, 91 S.Ct. 896, 27 L.Ed.2d 817 (1971)).

In like manner, this Court has consistently held that the doctrine of collateral estoppel, as applied in Ashe v. Swenson, supra, has no application where the prior trial resulted in a conviction rather than in an acquittal. Fairley v. State, 493 S.W.2d 179 (Tex.Cr.App.1973); Scott v. State, 490 S.W.2d 578 (Tex.Cr.App.1973); Joshlin v. State, 488 S.W.2d 773 (Tex.Cr.App. 1972); Allison v. State, 479 S.W.2d 674 (Tex.Cr.App.1972); Bradley v. State, 478 S.W.2d 527 (Tex.Cr.App.1972). See, also, Jones v. State, 502 S.W.2d 164 (Tex.Cr. App.1973). Additionally noting, but without further discussion of, the fact that appellant's present conviction for murder with malice was a separate offense supported by evidence of an altercation with the deceased which was not the circumstance of his prior conviction for murder without malice, suffice it to state that appellant's precise contention was considered and rejected in Fairley v. State, supra.

No error being shown in the overruling of the plea of former jeopardy, the judgment is affirmed.

Opinion approved by the Court.