Commonwealth *v.* Lyons, Appellant.

Argued April 13, 1971. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Herman M. Rodgers,* with him *Rodgers, Marks, Irwin & Perfilio,* for appellant.

*Robert F. Banks,* First Assistant District Attorney, with him *Joseph J. Nelson,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 22, 1971:

Appellant was convicted by a jury of larceny of a garden tractor. Motions in arrest of judgment and for a new trial were refused by the court below and sentence imposed.

The evidence, treated in the light most favorable to the Commonwealth, was that a truck bearing Ohio li-

cense No. 5 C 2220 was seen hauling the victim's tractor away from his property on the night of November 29, 1967. Two unidentified men were in the truck. This same license was seen on one occasion on a truck parked in the driveway of appellant's house in Campbell, Ohio. At appellant's extradition hearing in Ohio, his attorney was seen holding a registration card with the number 5 C 2220 on it, but the name on the registration card was not seen.

A witness, by the name of Feiling, who was arrested for receiving the tractor as stolen goods, testified that appellant and Harry Barnes delivered a tractor to him on or about November 30, 1967. The police later came to Feiling's home and seized two tractors that were in Feiling's possession. One of the tractors recovered by the police was identified as the stolen tractor. The witness was unable to state which tractor appellant had delivered to him.

The lower court held that the cumulative effect of the evidence was such as to warrant submission of the case to the jury. We disagree and are of the opinion that the evidence was insufficient as a matter of law to sustain the conviction.

The Commonwealth's case is based on circumstantial evidence. "The test of the sufficiency of the evidence, irrespective of whether it is direct or circumstantial, is whether accepting as true all of the evidence upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged." *Commonwealth v. Whiting*, 409 Pa. 492, 494, 187 A. 2d 563, 564 (1963). All the evidence must be read in a light most favorable to the Commonwealth and the Commonwealth must be given the benefit of all reasonable inferences arising therefrom. *Commonwealth v. Simpson*, 436 Pa. 459, 260 A.

2d 751 (1970). "The inference of guilt must be based on facts and conditions proved; mere conjecture or surmise is not sufficient. Commonwealth v. Bausewine, 354 Pa. 35, 46 A. 2d 491 (1946); Commonwealth v. Cohen, 203 Pa. Superior Ct. 34, 199 A. 2d 139 (1964)." *Commonwealth v. Garrett*, 423 Pa. 8, 12, 222 A. 2d 902, 905 (1966). "All circumstantial evidence is based in part upon 'positive' or direct evidence, or what Wigmore calls 'testimonial evidence'. The circumstances from which the major fact in issue is to be inferred have to be proved chiefly by testimonial or positive evidence. If the so-called 'positive' evidence is erroneous or merely conjectural, no reliable inference can be drawn from it." *Commonwealth v. New*, 354 Pa. 188, 194, 47 A. 2d 450, 454 (1946).

The basic facts on which the lower court based an inference of guilt were (1) the ownership of the truck in which the tractor was taken, and (2) delivery of a tractor to Feiling by appellant. However, proof of ownership of the truck was at best conjectural. The best evidence of ownership, the records of Ohio's licensing bureau, was never produced and the Commonwealth relied on the facts that the truck was parked in appellant's driveway and that his attorney, in cross-examining a witness at appellant's extradition hearing, had in his hand an Ohio registration card with the license number on it. These facts, if analyzed, are of such slight weight as to raise practically no inference of ownership. The truck was only seen once in the driveway, and there was nothing to connect the registration card with appellant except that his attorney was holding it. The truck could just as well have belonged to a member of appellant's family, or a visitor at his house, as to appellant. That the truck was owned by appellant could only be the product of a guess.

22

It is true that a tractor was delivered by appellant to Feiling; however, of the two tractors seized at Feiling's home he could not say which one appellant had delivered. There was no testimony describing or identifying the truck on which the tractor was delivered. Nor was there any testimony as to the purpose of the delivery. Had it been shown that appellant had delivered the stolen tractor to Feiling, or that it was delivered on a truck bearing Ohio license number 5 C 2220, it might have been sufficient to raise a reasonable inference of guilt. However, the delivery of an unidentified tractor on an unidentified truck does not raise an inference of guilt which can be considered reasonable.

Larceny in Pennsylvania is common-law larceny and consists in the taking and carrying away of the personal property of another with the mind of a thief, that is, with the specific intent to deprive the owner permanently of his property. *Hilliard Lumber Co. v. Harleysville Co.*, 175 Pa. Superior Ct. 94, 103 A. 2d 436 (1954). In order to convict appellant, it was necessary for the Commonwealth to show that appellant took the tractor and intended to deprive the owner of it. All that the Commonwealth showed was that someone took the tractor and that appellant delivered a tractor to Feiling.

Judgment reversed and appellant discharged.