Commonwealth v. Houmis, Appellant.

Argued April 9, 1973. Before WRIGHT, P. J., WAT-KINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

Before WEIR, J., without a jury.

*Martin M. Sheinman,* for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., June 14, 1973:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Allegheny County, Criminal Division, by the defendant, Mark Houmis, after being convicted in a nonjury trial of receiving stolen goods, said goods being a check and a credit card; and from the denial of post-trial motions by the court en banc.

He had been indicted for larceny of the check and the credit card and the appellant's demurrer of the larceny charges were sustained, but denied as to receiving stolen goods. After conviction, he was sentenced to not less than eight months nor more than sixteen months.

In order to sustain a conviction for receiving stolen goods, it must be shown that (1) the goods were stolen; (2) that defendant received some or all of such goods; (3) that he received them knowing or having reasonable cause to know that they were stolen. *Commonwealth v. Lewis,* 190 Pa. Superior Ct. 591, 155 A. 2d 410 (1959). The appellant contends that the demurrer to the counts of receiving stolen goods should have been granted because there was not sufficient evidence from which it could be determined that the goods were stolen.

As to the credit card, there was evidence indicating that a Harbaugh Miller had requested that the Gulf Oil Company send him a credit card. There was evidence that he never received such card and that his mail box had been tampered with and forced open a few weeks after his request for the card. A service station attendant testified that a person later identified as the appellant had purchased gasoline at his station with a Gulf Oil Company credit card which bore the name of Harbaugh Miller. The attendant also testified that the appellant signed the name of Harbaugh Miller on the purchase slip.

Harbaugh Miller testified that he began receiving bills from Gulf Oil Company for purchases he never made and the signatures on the sales slips sent to him were not his signatures, but forgeries. Additional testimony was heard with regard to the numbers "928" appearing on the sales slips in the space for the license number of the car making the purchase and the final three numbers of the license plate of the car that the

appellant was using at the time of the purchases was "928".

There is no direct evidence that the card was stolen. Considering the credit card system, production of direct evidence is unlikely. But the circumstantial evidence in this case is indeed weighty. The test of the sufficiency of the evidence, direct or circumstantial, is whether accepting what is true all evidence and all reasonable inferences therefrom, upon which, if believed, a trier of fact could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant was guilty of the crimes of which he is convicted. *Commonwealth v. Gockley*, 411 Pa. 437, 192 A. 2d 693 (1963). Viewing the evidence in this light, there is sufficient evidence produced at trial to determine that the credit card was stolen and sufficient evidence to sustain a determination that the card was received by the appellant and that he knew the card was stolen.

The check is a closer question, but a careful examination of the record discloses sufficient evidence to sustain the conviction of receiving stolen goods. The record indicates that a Gloria Joseph had requested her sister Anne Maroun to send her a check for $200.00. She never received the check and, of course, never endorsed or cashed it. A bank teller at the Union National Bank in Bethel Park, Pennsylvania testified that the appellant cashed a check at that bank for $200.00; and that she knew the appellant and the check named Gloria Joseph as payee and was signed by Anne Maroun as maker. The check was endorsed on the back with the name Gloria Joseph. She did not see it endorsed. The appellant admitted that he cashed the check, but denied that he endorsed the name of Gloria Joseph on the check. The trier of fact chose not to believe the appellant and found him guilty of receiving

the stolen check and there was sufficient evidence to sustain this finding.

The facts in this case are clearly distinguishable from those in *Commonwealth v. Vozzelli*, 217 Pa. Superior Ct. 18, 268 A. 2d 132 (1970). In that case, policemen testified that they had observed a number of tires in some weeds near a railroad track. They then checked a railroad car on the said tracks that they knew contained tires. the seal on the boxcar was broken. Some time later, the officers noticed the defendant placing tires in the trunk of his automobile. The defendant testified that he had seen the tires in the weeds and decided to take them thinking that they had been dropped from a passing truck. In that case we held that there was not a scintilla of evidence indicating that the tires had been stolen.

In the instant case, the subject matter of the alleged larceny was not tires which are the product of mass manufacturing and hence, largely unidentifiable one from the other, but was a credit card, bearing the name of a person other than that of the appellant and a check, the payee of which was someone other than the appellant. These facts are of great importance because a person who finds or is given a mass-produced product such as a tire might think that it was abandoned or at the very least would have a difficult time determining its owner in the absence of more facts.

However, a person who finds or is given a credit card issued to a specific person or a check made payable to a specific person would have reason to know who was the owner of the check or credit card. Thus, when the appellant formed the intention to convert the items to his own use, he had full knowledge and certainly reasonable cause to know they were stolen.

The appellant also contends that he is entitled to a new trial because of the admission of hearsay evidence.

The court permitted Gloria Joseph to testify as to what her sister stated during a telephone conversation concerning the check. The court below admitted this testimony on the theory that its admission was only for the purpose of showing that the conversation took place, and to explain the actions taken by the witness thereafter and not for the truthfulness of the contents of the conversation.

If this had been a jury trial, the admission of such testimony would present a grave problem, and despite the reasoning of the court below, might prove prejudicial to the appellant. Since the trier of fact below indicated the limited purpose for which he was admitting it, we find no prejudice resulted. The record clearly indicates that the appellant did cash a check for $200.00 signed by Anne Maroun and made payable to Gloria Joseph, so the fact that Anne Maroun may or may not have told her sister that she intended to send a check is of no significance.,

Judgment of sentence is affirmed.