Commonwealth *v.* Justice, Appellant.

538

Argued June 10, 1974.  Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Berel Caesar,* with him *Rubin, Leib and Caesar,* for appellant.

*James Garrett,* Assistant District Attorney, with him *David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

In this appeal, we must decide whether a defendant, the alleged sole participant in the taking of goods from

a department store, may be convicted in a non-jury trial of receiving stolen goods, after being acquitted of larceny.

As in every appeal from a criminal conviction, the evidence must be read in the light most favorable to the Commonwealth and the Commonwealth be given the benefit of all reasonable inferences arising therefrom: *Commonwealth v. Elam,* 221 Pa. Superior Ct. 315, 316, 293 A. 2d 103 (1972). The evidence shows that on April 25, 1973, Detective Elizabeth Buono observed the appellant in the second-floor men's department of the Gimbels Department Store. She watched the appellant as he took a jacket from one of the racks, stuff the price tags in the sleeve of the jacket, put the jacket over his clothes, and walk toward the escalator. She testified that she then followed the appellant as he proceeded toward an exit door on the main floor. When he was approximately fifteen feet from the door, Detective Buono apprehended the appellant and arrested him. He was subsequently charged with larceny and receiving stolen goods.

On July 6, 1973, appellant was tried in the Municipal Court where he was found guilty on both charges. He took an immediate appeal de novo to the Court of Common Pleas of Philadelphia County, where he was tried by the Honorable G. Fred DiBona, sitting without a jury. Judge DiBona acquitted the appellant on the charge of larceny, but found him guilty of receiving stolen goods. A sentence of two to twenty-three months' imprisonment was imposed. This appeal followed.

In reviewing the evidence, Judge DiBona found incredible the appellant's version of the incident. Appellant had testified that he did take the jacket, but was proceeding to the first floor to arrange for credit terms on the purchase of the merchandise. In its Opinion, the Court reasoned: ". . . [T]here can be little doubt that in removing the price tags from view he

intended thereby to conceal them, a motive that is further borne out by the fact that he wore the jacket to the first floor instead of carrying it."

By the Act of March 31, 1860, P.L. 427, Section 24, 19 P.S. §411, the joinder in one indictment of a count charging receiving stolen goods with a count charging larceny of the goods is specifically authorized. We have held that a defendant may be found guilty on both counts, provided, however, that sentence is imposed on only one count. *Commonwealth v. Phillips,* 215 Pa. Superior Ct. 5, 257 A.2d 81 (1969). Furthermore, the Act of 1860 encompasses a situation where indictments are returned against two or more persons: ". . . it shall be lawful for the jury . . . to find all or any . . . guilty of stealing the property or of receiving it, knowing it to be stolen, or to find one or more of the said persons guilty of stealing the property and the other or others of them guilty of receiving it, knowing it to have been stolen."

We are presented with an anomalous situation in that here the appellant and the Commonwealth witness both testify to the taking of the jacket by the appellant alone. It is the appellant who takes the goods in an apparently furtive manner, and proceeds to leave the store. It is he who is apprehended with the goods. In short, he is the only actor in the drama. Having been acquitted of the charge of larceny, it is difficult for this Court to envision the factual or legal basis for a conviction on the charge of receiving stolen goods. If the goods were stolen (a prerequisite to both larceny and receiving stolen goods), the appellant alone could have been the culprit.

Pennsylvania statutes do not define, but merely proscribe the offense of larceny. 18 P.S. §4807. As such, the cases have held that "larceny", is common law larceny and consists of ". . . the taking and carrying away of the personal property of another with the mind

of a thief, that is, with the specific intent to deprive the owner permanently of his property." *Commonwealth v. Lyons*, 219 Pa. Superior Ct. 18, 22, 280 A.2d 458 (1971).

It is likewise settle that the Commonwealth has the burden of proving three distinct elements of the crime of receiving stolen goods: "(a) that the goods are stolen; (b) that the defendant received such goods; and (c) that he received them knowing, or having reasonable cause to know, that they were stolen." *Commonwealth v. Davis*, 444 Pa. 11, 15, 280 A.2d 119 (1971).

Where, as here, the defendant is the sole participant in the alleged crime, an acquittal on the charge of larceny necessitates an acquittal on the charge of receiving stolen goods.

Judgment of sentence is reversed, conviction is vacated, and the appellant is ordered discharged.

———

DISSENTING OPINION BY JACOBS, J.:

I respectfully dissent.

As the majority noted, The Act of March 31, 1860[1] specifically provides for the joining of counts of larceny and receiving stolen property in a single indictment. Where such an indictment is utilized, the counts merge.[2] A guilty verdict can be returned on the whole indictment and a general sentence is proper as long as one of the counts of the indictment will sustain it. If a single defendant is found guilty on both counts, this Court will not disturb a judgment of sentence for larceny or receiving stolen property, as long as the sentence is imposed only on one count. *Commonwealth v. Phillips*, 215 Pa. Superior Ct. 5, 257 A.2d 81 (1969).

———

[1] Act of March 31, 1860, P.L. 427, §24; 19 P.S. §411 (1964).

[2] In this context I refer to situations where the identical property is the subject of both offenses.

Since the two counts merge and the defendant can be found guilty of both, no inconsistency of law or logic arises if he is found guilty and sentenced on only one. A finding that the defendant is guilty of the lesser charge of receiving stolen property and an acquittal of the more serious charge of larceny, when the defendant was the only one accused of the theft, in no way implies that the fact finder determined the goods were not stolen.

The statute under which the defendant was convicted provides that "[w]hoever buys, has, or receives any goods . . . which shall have been stolen . . . knowing, or having reasonable cause to know the same to have been stolen . . . is guilty of a felony."[3] The fact finder after hearing the testimony, found that these elements were met by the most credible evidence. I would have to agree that viewed in a light more favorable to the Commonwealth, the evidence strongly supports such a finding. The coincidence that the Commonwealth, in proving that the property in the defendant's possession was in fact stolen, showed that it was stolen by the defendant himself and thus also made out a case of larceny, does not detract from the fact that the evidence supports a finding of receiving stolen property.

The majority maintains that the failure to find the defendant guilty of larceny under the facts presented by the instant case represents an inconsistency fatal to the conviction of receiving stolen property. The feeling is, apparently, that because the defendant is acquitted in law of the offense, he is totally innocent in fact of committing the conduct attributed to him. This is not the case. It is possible for the facts to reveal the accused as the thief, thus justifying conviction of the more serious charge, yet also support a finding of the

---

[3] Act of June 24, 1939, P.L. 872, §817; *as amended* 18 P.S. §4817; *repealed* Act of December 6, 1972, P.L. 1482, No. 334, §5 (1963).

lesser offense.[4] In such a case the law can recognize mitigating circumstances which would cause a finder of fact to hesitate to impose a judgment of sentence on the more serious charge. It has long been the practice and policy of the courts to uphold the fact finder who takes special note of unnamed extenuating circumstances to convict on a lesser charge, the elements of which are not even supported by the evidence, rather than to enforce inflexibly the letter of the law and find guilt of the greatest offense made out by the facts. *Commonwealth v. Butcher*, 451 Pa. 359, 304 A.2d 150 (1973).[5]

I would affirm the judgment of sentence.

PRICE, J., joins in this dissenting opinion.

---

[4] *See, e.g., Commonwealth v. Breslin*, 194 Pa. Superior Ct. 83, 165 A.2d 415 (1960), where four defendants were indicted for larceny and receiving stolen property, among other things. A jury found them guilty on the receiving stolen goods charges but not the larceny. The court recognized such a finding could be justified, even though the evidence which of necessity would have to be accepted as true by the jury to find receiving would also support larceny verdicts: "It would appear that the jury could not determine which of the four had actually committed the burglaries, and therefore refused to find anyone guilty of the crimes, although it might well have done so . . . ." *Id.* at 89, 165 A.2d at 418.

[5] Although *Commonwealth v. Butcher*, 451 Pa. 359, 304 A.2d 150 (1973) deals with a finding of involuntary manslaughter where the facts support a first degree murder conviction in a jury trial of a homicide case, I believe that the present case, in which every element of the lesser offense is supported by the evidence, presents an even stronger argument for the application of the policy expressed in the Court's analysis. "To rule that because the testimony failed to establish those elements which the law has recognized as a legitimate basis for reducing an intentional homicide from first degree murder that a finding of voluntary manslaughter must be vacated and the defendant consequently discharged would be an adherence to form completely oblivious to our responsibility to society. The symmetry of the law at times must give way to the policy sought to be effectuated." *Id.* at 364-65, 304 A.2d at 153.

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent from the Opinion of the Majority upsetting the conviction in this case and discharging the Defendant-Appellant.

As recited in the Opinion of the Majority, the Commonwealth proved that on April 25, 1973, the Defendant was in Gimbel's Department Store and he was seen taking a jacket from one of the racks, removing the price tags and placing them in the sleeve of the jacket, putting the jacket over his clothes, proceeding down the escalator and walking toward an exit door on the main floor when he was apprehended about 15 feet from the door and arrested. He was charged with larceny and receiving stolen goods.

On July 6th he was tried in the Municipal Court of Philadelphia where he was found guilty on both charges. On appeal to the Common Pleas Court, he was tried by Judge G. Fred DiBona without a jury. Judge DiBona acquitted him on the charge of larceny but found him guilty of receiving stolen goods. A sentence of not less than two nor more than twenty-three months in prison was imposed, from which sentence this appeal followed. The majority holds that because he was acquitted of larceny, he must be acquitted of receiving stolen goods. In effect, they say under these facts he can be convicted of both larceny and receiving stolen goods or of larceny alone but that he cannot be convicted solely of receiving stolen goods. This is so, the Majority propounds, because in support of a charge of receiving stolen goods the Commonwealth must prove three distinct elements of that crime, viz: "(a) That the goods were stolen; (b) That the Defendant received such goods; and (c) That he received them knowing, or having reasonable cause to know that they were stolen". It is obvious that in the instant case, the Commonwealth proved that the goods were stolen; it proved that the Defend-

ant received such goods and it proved that he received them knowing that they were stolen. Certainly, the thief knows better than anyone else whether the goods involved were stolen.

The Majority holds that the Judge is in a straight jacket and must find the Defendant guilty of larceny in order to find him guilty of the crime of receiving stolen goods. I deplore the trend in Appellate Courts which drives the Trial Judge into making harsher findings than he might otherwise do in the wise exercise of his judgment and discretion.[1] In the instant case, the Appellant is clearly guilty of a criminal offense, the Trial Judge had every right, power, and authority to make the finding or verdict which he made of the offense of receiving stolen goods and I would affirm the judgment which he rendered.

---

[1] For example, the pronouncement that on a retrial the Defendant can never be given a more severe sentence than he received after the first trial unless there occurs a change of circumstances, pushes the Trial Judge toward making the severest possible sentence initially. The taking away of the right of the factfinder to impose costs on one found not guilty pushes the jury or the Judge into finding guilty more Defendants who might otherwise be acquitted if they could be simply ordered to pay the costs.