393 A.2d 970

**COMMONWEALTH of Pennsylvania**

**v.**

**Samuel Franklin FOX, Appellant.**

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert Ernest MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1978.

Decided Oct. 27, 1978.

John A. Mihalik, Bloomsburg, for appellants.

Richard C. Brittain, District Attorney, Washingtonville, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montour County by the defendants-appellants, Samuel Franklin Fox and Robert Ernest Miller, after conviction in a non-jury trial of receiving stolen goods; and from the refusal of the court below to grant appellants' motion in arrest of judgment.

The facts are as follows: On August 12, 1976 at about 3:30 A.M., Stella E. Folk, observed a dark station wagon with a shiny chrome rack on top, pull into an alley near the Econo-Wash Laundromat, not far from her home in Danville, Penna. She observed two men who were dressed in dark pants and white tee shirts walk up an alley toward the laundromat. She heard the car leave approximately five

minutes later. She could not describe the men except that they were on the thin side. She could not determine the type of the vehicle. She was unable to identify the persons although they had walked under a street light, and she heard no other unusual noise except the starting and stopping of the vehicle. The men had nothing in their hands according to her observation.

Officer Hendricks of the Danville Police Department stopped by the laundromat at approximately 3:15 A.M. for a pack of cigarettes and saw nothing unusual. He went back for a routine check at about 4:15 to 4:30 A.M. and found the door to a soda vending machine ajar. He observed three pry marks on a money changing machine and observed marks on the outside of a soap machine. Hendricks reported the matter by radio communication and notified the owner. After the owner arrived it was discovered that a newspaper vending machine was missing.

The owner and Hendricks estimated that approximately $100.00 in quarters was taken from the soda machine. No fingerprints were found. The owner testified that the soda machine is emptied daily. The man who filled the newspaper machine testified that he filled the machine with twenty papers on August 11, 1976 which sold for $.15 apiece. The machine was missing.

At about 4:00 A.M., two young men, the appellants, wearing white tee shirts and dark trousers were observed by an officer of the Danville Police Department at a service station in Danville. He watched them and they fled. A chase ensued and the vehicle was identified as a green Ford Station Wagon with a chrome luggage rack. The vehicle was stopped by Bloomsburg Police and when Officer Taylor arrived he observed a large amount of coins in a bag hanging on the right passenger door. Two Dollars and Fifty cents ($2.50) in coins were taken from the appellant Miller and Nine Dollars ($9.00) in quarters, Four Dollars and Five cents ($4.05) in nickles, Six Dollars and Thirty cents ($6.30) in dimes and Four cents ($.04) in pennies for a total of $19.39 were taken from appellant Fox. According to the witnesses the sum of more than $100.00 was missing.

The officer also uncovered a lug wrench which had paint on one end, a screwdriver and a small wrench. The paint on the lug wrench was not compared to the paint on the machines in the laundromat but there was testimony that it was similar. The appellants were arrested and charged with theft, criminal conspiracy and receiving stolen goods.

When the Commonwealth rested, the appellants demurred to the evidence and the trial court granted the motion as to theft and criminal conspiracy but found the appellants guilty of receiving stolen goods.

It seems from the chronological statement of the facts that there was sufficient circumstantial evidence to support the verdict.

However, in *Commonwealth v. Justice*, 230 Pa.Super. 537, 326 A.2d 564 (1974), we held in dealing with the old Crimes Code that a defendant who is the sole participant in a crime is acquitted of larceny then there must necessarily follow an acquittal of the charge of receiving stolen goods. In *Commonwealth v. Justice*, supra, there was an eye-witness to the theft while in the instant case convictions could only be sustained by inferences supported by circumstantial evidence.

As Judge Hoffman pointed out in *Commonwealth v. Justice*, 230 Pa.Super. at page 541, 326 A.2d at page 565:

"It is likewise settle(d) that the Commonwealth has the burden of proving three distinct elements of the crime of receiving stolen goods; '(a) that the goods are stolen; (b) that the defendant received such goods; and (c) that he received them knowing, or having reasonable cause to know, that they were stolen.' *Commonwealth v. Davis*, 444 Pa. 11, 15, 280 A.2d 119 (1971).

"Where, as here, the defendant is the sole participant in the alleged crime, an acquittal on the charge of larceny necessitates an acquittal on the charge of receiving stolen goods."

Appellants argue that because the trial judge granted their demurrer to the charges of conspiracy and theft that he could not find them guilty of receiving stolen goods and

that their demurrer to this charge should also have been sustained. Defendants cite *Commonwealth v. Justice,* supra in support of their position. In that case a defendant was charged with larceny and receiving stolen goods and was tried non-jury. The instant case was also non-jury. The evidence adduced at trial indicated that defendant had removed price tags from a jacket in a clothing store, and wore the jacket down to the first floor of the store where he was apprehended. Defendant's story was that he intended to arrange for credit to purchase the jacket on the first floor. The trial judge acquitted the defendant of larceny but convicted him of receiving. On appeal a majority of this Court reversed his receiving conviction stating that, "it is difficult for this Court to envision the factual or legal basis for a conviction on the charge of receiving stolen goods". This was because the three elements aforementioned are necessary in order to sustain a conviction for receiving stolen goods. *Commonwealth v. Davis,* 444 Pa. 11, 280 A.2d 119 (1971). If the defendant, the sole participant in the activity, did not steal the jacket (and we must presume this since he was acquitted of the larceny charge) then the goods (jacket) were not stolen merchandise and elements (a) of the receiving charge is absent. Therefore, he could not be convicted of receiving. This is so because it was clear under the facts of *Justice,* supra, that there was no other participant in the activity, and if there was a taking (theft) the defendant was the taker, as well as the receiver. If the defendant was not the thief then no larceny occurred since no one else was, or could have been, involved because it was defendant and defendant alone who had been seen removing the jacket and wearing it down to the first floor of the store.

In our case defendants were acquitted of larceny also. This means that it was not defendants who removed the coins from the Laundromat. However, there was ample evidence presented at trial to sustain a finding that a larceny had occurred (missing money, pry marks on machines, machine door ajar) sometime between 3:15 A.M. and 4:15 A.M. on August 12, 1976. Unlike the situation in *Justice,* supra, where a larceny could not have occurred

unless defendant was the thief it is possible in our case that defendants were not the thieves but were the receivers. We do not believe that the holding in *Justice* to the effect was that a defendant who is acquitted of larceny cannot be convicted of receiving either where the charges are tried together. We hold that *Justice* is confined to its specific facts in that there the defendant was conclusively proven to be the sole participant in the act and if he was not the thief he could not be the receiver either because there was nothing stolen. Here someone other than the defendants could have been thieves and the defendants the receivers.

■ The question then is whether there was sufficient evidence adduced at trial to permit a finding that goods were stolen, that defendants received the stolen goods, and did so knowing, or having reason to know that they were stolen. *Commonwealth v. Justice*, supra. In making this determination we recognize that we must accept as true all of the Commonwealth evidence including all reasonable inferences arising therefrom. *Commonwealth v. Burton*, 450 Pa. 532, 301 A.2d 599 (1973). As already discussed there was sufficient evidence adduced at trial to prove that a larceny had occurred and that coins had been stolen. The evidence also indicated that defendants were seen shortly after the commission of the crime at a service station near the scene of the crime (in Danville) and that they fled when they saw the police. All of this occurred at an unusual time of the evening (3:15 to 4:00 A.M.) and when finally apprehended by police after a high-speed chase relatively large amounts of coins were found in both defendants' possession. All of this evidence is circumstantial but circumstantial evidence alone is sufficient to prove that property is stolen. *Commonwealth v. Houmis*, 227 Pa.Super. 573, 307 A.2d 339 (1923).

■ The charge of illegal taking and illegal receiving raises an inconsistency. A jury has the power to render an inconsistent verdict. *Commonwealth v. Carter*, 444 Pa. 405, 282 A.2d 375 (1971). We held in *Commonwealth v. Harris*, 239 Pa.Super. 603, 360 A.2d 728 (1976) that a decision by a judge without a jury has the same efficacy as a jury that in non-jury cases inconsistent verdicts may be rendered.

We hold that the circumstantial evidence of the theft and defendants' high-speed flight from the police coupled with their proximity in time and place to the theft were sufficient facts from which a finder of fact could infer that the coins defendants had in their possession were part of the booty from the Laundromat and that defendants knew the coins to be stolen property. Here, recent possession of stolen goods is bolstered by the surrounding circumstances and the evidence of flight to provide the guilty knowledge. See *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976) (flight from police can be evidence of guilty knowledge) for a recent discussion of the inferences which can be drawn from the conduct of the accused relative to the receiving charges. See also the discussion in *Commonwealth v. Simmons*, 233 Pa.Super. 547, 560, 336 A.2d 624 (1975).

Judgment of sentence affirmed.

CERCONE, J., concurs in the result.

HESTER, J., notes his dissent.

HOFFMAN, J., did not participate in the consideration or decision of this case.