**Commonwealth v. Rubin**

418

C.P. of Lawrence County, no. 1019 of 2009, CR.

*William Flannery, assistant district attorney,* for Commonwealth.

*Lawrence J. Keith, assistant public defender,* for defendant.

HODGE, *J.*, January 10, 2011—In the instant matter, the defendant Michael J. Rubin has filed a pre-trial

omnibus motion for relief in the form of a petition for writ of habeas corpus. The defendant is charged with theft by deception - false impression (18 Pa.C.S. §3922 §§A1); receiving stolen property (18 Pa.C.S. §3925 §§A); and secure execution of documents by deception (18 Pa.C.S. §4114), and contends that there is insufficient evidence as a matter of law to sustain any of the three charges.

A brief summary of the facts indicates that on or about April 20, 2009 Marian Marks reported to the New Castle City Police that she had been receiving overdue bills for a car loan. Ms. Marks told the police that the vehicle was a 2005 Jeep Liberty, which she believed she had co-signed for on behalf of her neighbor Michael J. Rubin. Ms. Marks then provided Sergeant Kevin Seelbaugh of the New Castle Police Department with a copy of the loans, which were later confirmed to be a personal loan in the amount of $8,625.00.

Officer Seelbaugh then went to the residence of the defendant to locate the vehicle and inquire about the loan. The defendant relayed to Officer Seelbaugh that the car dealership had "messed up the paperwork" and that he was suppose to be the primary loan holder with Ms. Marks merely co-signing on his behalf. The defendant further explained that he had not made any payments on the loan because the vehicle needed repair work done, and he was expecting the dealership to fix the problems.

Officer Seelbaugh indicated in the affidavit of probable cause that he provided the defendant with the opportunity to fix the paperwork for the loan and remedy the situation.

The defendant failed to take any action and charges were filed five months later on September 22, 2009.

A petition for writ of habeas corpus is the proper means for testing a pretrial finding that the commonwealth has sufficient evidence to establish a prima facie case. *Commonwealth v. Hendricks*, 927 A.2d 289, 290-91 (Pa. Super. 2007). A prima facie case requires sufficient efficient to establish both the commission of a crime and that the accused is probably the person responsible for the crime. *Commonwealth v. Fountain*, 811 A.2d 24, 25 (Pa. Super. 2002). The commonwealth must set forth enough evidence to establish the existence of each element of the crime/s charged, but need not prove the necessary elements beyond a reasonable doubt. *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super 2001). Moreover, the evidence presented must be viewed in a light most favorable to the commonwealth, and the commonwealth is entitled to all inferences reasonable drawn from the evidence offered. *Id.*

The offence of theft by deception - false impression is governed by § 3922 of the crimes code. 18 Pa.C.S. §3922 (a) (1) states:

(a) Offense defined.-A person is guilty of theft if he intentionally obtains or withholds property of another by deception.

Deception is defined as intentionally: (1) creating or reinforcing a false impression; (2) preventing "another from acquiring information which would affect his judgment of a transaction"; or (3) failing "to correct a

false impression which the deceiver previously created or reinforced." 18 Pa.C.S.A. §3922(a) (1) - (3).

Section 3922 clearly articulates that it is unlawful for a person to intentionally create a false impression in the mind of another and then use the other person's reliance of that false impression to acquire their property. *Commonwealth v. Linder*, 425 A.2d 1126, 1129-30 (Pa.Super. 1981). Therefore, the commonwealth must establish both the presence of a false impression created by the defendant and the reliance upon that impression by the victim. *Commonwealth v. Imes*, 623 A.2d 859, 862 (Pa. Super. 1993). It is therefore necessary for the commonwealth to establish the victim's state of mind "in order to satisfy the element of 'creating' or 'reinforcing' the false impression." *Id.*

At the hearing on defendant's petition for writ of habeas corpus, the defendant stated that the vehicle itself was registered and titled in the defendant's name. Defense further argued that the property alleged to have been stolen must belong to another person and cannot be the property of the defendant in order for a crime to occur. For the reasons set forth below, this court must disagree.

In *Commonwealth v. Pappas*, 845 A.2d 829 (Pa. Super. 2004), the defendant owned and operated a car dealership. Defendant was accused of leading his customers to believe that various cars sold were in excellent condition and had not undergone any extensive repairs. Customers relied on the representations made by the defendant, and subsequently purchased vehicles from them. *Pappas*, 845

A.2d at 834-35.

Regarding each car sale, the defendant was accused of making misrepresentations regarding the history and condition of the vehicles sold; it can be reasonably inferred that the defendant legally transferred titled to the vehicles from his dealership to the purchasing customer. At no point throughout the opinion were there any allegations that the defendant physically stole the vehicles from the customers, but rather fraudulently persuaded them into purchasing the vehicles.

In the case of *Commonwealth v. Grife*, 664 A.2d 116 (Pa. Super. 1996), the defendant secured a mortgage from Shoppers Publication ("Shoppers"), Inc. for his personal home. *Id.* at 117. Shoppers extended the loan to the defendant after the defendant presented Shoppers with documentation indicating that all prior mortgages had been satisfied. *Id.* The defendant then took out another mortgage from a second lender on the same residence and falsely conveyed the previous mortgage to the second lender. *Id.* at 117-18. Unbelievable as it may seem, defendant again took out another mortgage from a third lender and conveyed similar misrepresentations regarding the title to his residence to the third lender. *Id.* at 118.

The defendant was ultimately convicted of three counts of theft by deception. On appeal, the Pennsylvania Superior Court, in its opinion, referred to the Maryland Court of Special Appeals which set forth in following rationale:

One who has extended credit in reliance upon a

mortgage on real estate which is falsely represented to be a first mortgage when in fact it is subject to a prior recorded mortgage for more than the land is worth, or is a mortgage upon property which the mortgagor does not own, has been defrauded, even if the debtor has an intent to pay the debt. The lender intended to be a secured creditor but by reason of the false representation his position is for all practical purposes that of an unsecured creditor. There is an obvious and unreasonable risk of loss which has been forced upon him, without his knowledge or consent, by reason of the deceit. This risk which the creditor did not intend to assume was imposed upon him by the intentional act of the debtor, and this amounts to an intent to defraud.

*Grife*, 664 A.2d at 119 (quoting *Baskerville v. State*, 446, 327 A.2d 918, 922 (Md. Ct. Spec. App. 1974) (quoting Perkins, *Criminal Law*, (2d Edition 1969) at 312-13)).

Similarly, in the case sub judice, the court finds that the commonwealth has presented sufficient evidence in their affidavit that the defendant had acted in such a manner as to deceive Ms. Marks into signing a personal loan, when she believed she was merely co-signing. Here, like the *Baskerville* case, there is an obvious risk of loss forced upon Ms. Marks through the deceptive act of the defendant. The court finds the defendant's argument that the vehicle was registered to him and titled in his name to be irrelevant to the issue of whether or not his actions resulted in Ms. Marks relying upon his representations to her own detriment. Additionally the court finds the defendant's failure to remedy the situation as sufficient

evidence of his intent to deceive Ms. Marks. See 18 Pa.C.S. §3922(a)(3). The defendant's request to dismiss count I of the complaint is therefore denied.

With respect to count II of the complaint, receiving stolen property, defendant again argues that the property alleged to have been stolen in fact belonged to him, and consequently the count II of the complaint should be dismissed.

The offence of receiving stolen property is governed by § 3925 of the crimes code. 18 Pa.C.S. §3925 states:

(a) Offense defined. — A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

(b) Definition. — As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

The commonwealth has the burden of setting forth enough evidence to establish each element of the crime of receiving stolen goods. Those specific elements are: 1) that the goods are stolen; 2) that defendant received the goods; and 3) that he received them knowing, or having reasonable cause to know, that they were stolen. *Commonwealth v. Justice*, 326 A.2d 564 (Pa. Super. 1974); *Commonwealth v. Houmis*, 307 A.2d 339 (Pa. Super. 1973).

In the case of *Commonwealth v. Shaffer*, 420 A.2d 722 (Pa. Super. 1980), the Superior Court held that a person convicted of receiving stolen property is subject to the same penalties as a person convicted of theft by unlawful taking or disposition (citing *Commonwealth v. Belcher*, 335 A.2d 505 (Pa. Super. 1975)). Consequently, a charge of theft can also be supported by evidence that the theft was committed in a manner that would be classified under any definition of theft under § 3902 of the crimes code. *Shaffer*, 420 A.2d at 726.

At the pre-trial hearing, the commonwealth offered evidence by way of the information and affidavit to support the charge of receiving stolen property. This court looks to a specific statement made by the defendant to Officer Steelbaugh: "[Ms. Marks] knows where the car was and could come and get it at any time." From this statement, the court infers that the defendant knew the vehicle in question rightfully belongs to Ms. Marks.

Although the defendant asserts that the vehicle is properly registered in his name and belongs to him, the court must view the evidence offered in a light most favorable to the commonwealth and therefore conclude that it is probable that the vehicle may not in fact belong to the defendant. As such, defendant's request to dismiss count II of the complaint must be denied.

The third and final charge listed in the complaint, charges the defendant with the offence of secure execution of documents by deception. This offense is governed by § 4114 of the crimes code. 18 Pa.C.S. §4114

states:

> A person commits a misdemeanor of the second degree if by deception he causes another to execute any instrument affecting or purporting to affect or likely to affect the pecuniary interest of any person.

Thus, a defendant charged with the crime of secure execution of documents by deception must: (1) act under a false pretense; (2) obtain a signature; (3) obtain moneys; and (4) possess an intent to defraud. *Commonwealth v. Campbell*, 176 A.2d 246 (Pa. Super. 1935). The information set forth in the affidavit alleges that the defendant intended for Ms. Marks to sign a personal loan that he misrepresented to her as co-signing for an auto loan. Section 4114 makes it a crime to cause another person to execute "any instrument affecting or purporting to affect or likely to affect the pecuniary interest of any person." *Commonwealth v. Schreiber*, 466 A.2d 203, 207 (Pa. Super. 1983).

Defendant argues to this court that the affidavit lacks the necessary evidence to find that he acted with the necessary intent to defraud the victim, Ms. Marks, and asks this court to dismiss count II of the complaint. However, the court finds that this argument too lacks merit, as the intent to injure or defraud may be shown or be inferred from the doing of the wrongful, fraudulent, and illegal acts which as a necessary result naturally produce loss or injury to the affected person. *Commonwealth v. Wheeler*, 189 A.2d 291(Pa. Super. 1963); *Commonwealth v. Huster*, 178 A.535 (Pa. Super. 1935).

The affidavit sets forth that both Ms. Marks and the defendant acknowledged that the defendant was supposed to be the primary loan holder for the 2005 Jeep Liberty. Additional information supports the commonwealth's contention that the defendant intended Ms. Marks to execute a personal loan instead, as it was the defendant who supplied Ms. Marks with the paperwork and was present when she executed the documents. The court finds that the necessary intent to defraud can reasonable be inferred from these facts alone, and therefore, denies defendant's request to dismiss count III of the complaint.

## ORDER OF COURT

And now, January 10, 2011, this case being before the court on January 5, 2011 for a hearing on defendant's petition for writ of habeas corpus, with Assistant District Attorney William J. Flannery, Esquire, appearing and representing the commonwealth, and Lawrence J. Keith, Esquire appearing and representing the defendant, the court finds and it is hereby ordered and decreed as follows:

1. The defendant's petition for writ of habeas corpus is denied pursuant to the attached opinion.

2. This case shall be placed on the February 2011 criminal trial list.

3. The clerk of courts shall properly service notice of this order and attached opinion upon counsel of record.