J-S71021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MATHIAS POLHEMUS | |
| Appellant | No. 2817 EDA 2015 |

Appeal from the Judgment of Sentence July 10, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001262-2014

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED NOVEMBER 22, 2016**

Appellant, Mathias Polhemus, appeals from the judgment of sentence entered on July 10, 2015, in the Court of Common Pleas of Chester County. We affirm.

The relevant facts and procedural history are as follows. The Commonwealth charged Polhemus in the same criminal information with, among other charges, two counts of retail theft, 18 Pa.C.S.A. § 3929(a)(1). The counts arise from two separate incidents: one occurring on March 23, 2014, and the other on March 25, 2014.

On the morning of trial, Polhemus, proceeding *pro se*, filed pre-trial motions, including a motion to sever. The trial court heard argument on the

_____

[*] Former Justice specially assigned to the Superior Court.

motions and denied them. Immediately prior to the start of the trial, Polhemus changed his mind about proceeding *pro se* and decided to have his standby counsel represent him. The jury trial commenced.

The Commonwealth presented evidence that on March 25, 2014, Polhemus purchased three cans of beer at the supermarket. The employee who sold the beer was Jackson Hyde. When Polhemus turned to leave after purchasing the beer, Hyde noticed two bottles of beer protruding from Polhemus's pockets. Polhemus left the store. Hyde followed him outside, observed Polhemus get into the passenger side of a waiting vehicle, and drive away. Two minutes later, the vehicle returned and Polhemus attempted to return *one* of the bottles of beer to Hyde. Hyde informed Polhemus that he saw him take not *one*, but *two* bottles. Polhemus returned to the car and came back with the other bottle, stating that he forgot to pay for both. Polhemus attempted to pay for the bottles, but the store manager declined and returned the bottles to the store stock.

On March 28, 2014, the supermarket's management requested the store's loss prevention officer to review the surveillance footage of the March 25 incident and from a March 23 incident. The loss prevention officer was able to identify Polhemus as the perpetrator of a theft on March 23 where he took beer and other items from the store.

Polhemus's defense to the March 25 incident was that he mistakenly took the two bottles of beer. Since his defense centered on an intent not to

deprive the supermarket of the beer on that date, he requested the trial court to instruct the jury as to the meaning of "deprive" as defined in 18 Pa.C.S.A. § 3901. That definitions statute defines "deprive" in pertinent part, as "[t]o withhold property of another permanently…." The trial court refused Polhemus's request. And it duly instructed the jury according to the Pennsylvania Suggested Standard Criminal Jury Instructions. The jury convicted Polhemus of all the charges.

The trial court later imposed an aggregate sentence of imprisonment of 11½ to 23 months. This timely appeal followed the denial of Polhemus's post-sentence motions. On appeal, he raises two issues for our review.

Polhemus first argues that the trial court erred in denying his motion to sever.

> [A] motion for severance is addressed to the sound discretion of the trial court, and ... its decision will not be disturbed absent a manifest abuse of discretion. The critical consideration is whether [the] appellant was prejudiced by the trial court's decision not to sever. [The a]ppellant bears the burden of establishing such prejudice.

*Commonwealth v. Dozzo*, 991 A.2d 898, 901 (Pa. Super. 2010) (citation omitted) (alterations in original).

To address Polhemus's challenge, we must determine:

> [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative; [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

- 3 -

*Commonwealth v. Boyle*, 733 A.2d 633, 635 (Pa. Super. 1999) (citation omitted) (alterations in original). *See also* Pa.R.Crim.P. 582 and 583.

Accordingly, our first step is to determine whether the evidence regarding each incident would be admissible in a separate trial for the other. It is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. *See Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted). The Rules of Evidence specifically provide that "[e]vidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proving … intent … identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

Polhemus concedes that evidence of the March 25 incident would be admissible to prove his identity as the perpetrator of the theft that occurred on March 23. *See* Appellant's Brief, at 11. But he claims that "evidence of the March 23rd incident would <u>not</u> be admissible in a separate trial on the March 25th incident." *Id*. His "entire defense at trial to the March 25, 2014 incident was that he had mistakenly taken the two bottles of beer…." *Id*., at 6. Evidence that he took several cans of beer and other items on March 23

would thus prove intent and absence of mistake or lack of accident, specifically disproving his defense for the March 25 incident.

And, importantly, the evidence was not admitted merely to show Polhemus acted in conformity with a character trait.

The next step is to determine whether joinder of the offenses for trial posed a danger of confusing the jury. "Where a trial concerns distinct criminal offenses that are distinguishable in time, space and the characters involved, a jury is capable of separating the evidence." *Commonwealth v. Collins*, 703 A.2d 418, 423 (Pa. 1997) (citation omitted).

Polhemus entirely ignores the danger of confusion in his brief. The crimes occurred on different days and at different times. The subject matter at issue for the jury—retail theft—was simplistic. There was no danger of confusing the jury with evidence of each crime.

Finally, we must determine whether joinder of the offenses for trial unfairly prejudiced Talley.

> The "prejudice" of which Rule [583] speaks is not simply prejudice in the sense that appellant will be linked to the crimes for which he is being prosecuted, for that sort of prejudice is ostensibly the purpose of *all* Commonwealth evidence. The prejudice of which Rule [583] speaks is, rather, that which would occur if the evidence tended to convict appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence.

*Commonwealth v. Newman*, 598 A.2d 275, 279 (Pa. 1991) (citation omitted).

The burden for establishing prejudice falls squarely on Polhemus. He devotes just one sentence in his brief to establishing it: "[T]rying the cases together, particularly where the entire defense for one incident was mistake, was overly prejudicial to Appellant and denied him a fair trial." Appellant's Brief, at 11. We have already explained that the evidence regarding each theft would be admissible in a separate trial for the other. And we noted how the jury was readily capable of separating the evidence of the two distinct crimes. We can discern no unfair prejudice to Polhemus in joining the two offenses for a single trial.

Polhemus next argues that the trial court erred by failing to instruct the jury on the definition of "deprive" as defined in 18 Pa.C.S.A. § 3901.

> In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.

*Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa. Super. 2013) (citation omitted).

- 6 -

Section 3929(a)(1) requires proof that a person "takes possession of, carries away, transfers or causes to be carried away or transferred," store merchandise "with the intention of *depriving* the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]" (emphasis added). The retail theft statute provides definitions, *see* 18 Pa.C.S.A. § 3929(f), but deprive is not a defined term in that subsection. "Deprive," however, is defined in Chapter 39 of the Crimes Code. It has two defined meanings, but we are concerned with just one: "To withhold property of another permanently...." 18 Pa.C.S.A. § 3901.

When instructing the jury, the trial court refused Polhemus's request to define "deprive" for the jury. In pertinent part, the trial court instructed the jury as follows:

> I will now define for you the crime of retail theft. The defendant has been charged with two counts of retail theft, one for each of the dates in question.
>
> To find the defendant guilty of the offense of retail theft, you must find that each of the following four elements has been proven beyond a reasonable doubt: first, that the defendant took possession of or carried away some item.
>
> Second, that the item was merchandise offered for sale by the merchant, here, Giant Food Stores.
>
> Third, the Giant was a store or other retail establishment.
>
> Fourth, that the defendant took possession of or carried away the items in question with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying full retail value thereof
>
> If after considering all of the evidence, you are satisfied that the Commonwealth has proved beyond a reasonable doubt each of the elements I have just stated, you should find the

defendant guilty. If you are not satisfied, you must find the defendant not guilty.

Regarding one of the counts of retail theft, evidence has been presented that the defendant intentionally concealed, unpurchased merchandise of the Giant store while the defendant was still inside the store.

If you find that this evidence has been established to your satisfaction beyond a reasonable doubt, you may find that the defendant concealed the property with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value of it.

You, as the trier of fact, are free to credit or reject the inference arising from the concealment and the inference does not shift the burden of proof, nor the application of the beyond a reasonable doubt standard.

Whether or not to apply this permissive presumption to the facts of this case is left to your discretion and common sense based on all of the evidence presented.

Some definitions relating to retail theft are as follows: Conceal means to conceal merchandise so that although there may be some notice of its presence, it is not visible through ordinary observation.

Full retail value means the merchant's stated or advertised price of the merchandise. Merchandise means any goods, chattels, food or wares of any type and description regardless of the value thereof.

Merchant means an owner or operator of any retailestablishment or any agent, employee, lessee, officer or independent contractor of such owner.

Store or other retail establishment means a place where merchandise is displayed or sold or offered to the public for sale.

N.T., Trial, 5/19/15, at 132-135.

The trial court's jury instructions quoted above come from the pertinent sections of the Pennsylvania Suggested Standard Criminal Jury

Instructions. **See** Pa.S.S.Crim.J.I. 15.2939A; 15.2939F; 15.2939G. The defined terms in the court's instructions come from Pa.S.S.Crim.J.I. 15.2939G, which are the same as those provided in § 3929(f). The court declined to define "deprive" for the jury as it found that the definition provided in § 3901 for that word "is not specific to retail theft." Trial Court Opinion, 11/16/15, at 11. The court reasons that "[i]f the definition of 'deprive' found in Section 3901 was to be specifically applicable to the crime of retail theft, it would have been included with the other definitions in Section 3929(f)." **Id**.

There is a problem with the trial court's reasoning. The definitions provided in § 3901 apply throughout Chapter 39, "unless the context clearly indicates otherwise." 18 Pa.C.S.A. § 3901. The context does not clearly indicate otherwise in § 3929(a)(1).

Polhemus argues that the statutory definition of "deprive" is essential as it contains the word "permanently" whereas the ordinary definition of the term as defined in most dictionaries does not. **See** Appellant's Brief, at 13 (quoting Webster's New Collegiate Dictionary 303 (8th ed. 1980)). Polhemus's defense to the March 25 incident was, as mentioned, "that he took the property by mistake, and the jury should have been permitted to properly evaluate Appellant's claim that he did not mean to 'deprive' Giant of the merchandise permanently...." **Id**.

Presumably, the jury utilized the ordinary definition of "deprive" since the trial court did not define it for them. This ordinary definition misled the jury, Polhemus maintains, as they "easily could have come to the conclusion that it was of no consequence whether or not Appellant meant to permanently deprive Giant of merchandise since they were never instructed on the correct definition of "deprive" as stated in Chapter 31 [sic]." *Id*., at 13-14.

We see no danger of juror confusion. While the trial court's reasoning in refusing to instruct the jury on § 3901's definition of "deprive" does not pass muster, its jury instruction does; it accurately presented the law to the jury. The key portion of the charge in this regard is the following: "that the defendant took possession of or carried away the items in question with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying full retail value thereof." This language is quoted verbatim from the Pennsylvania Suggested Standard Criminal Jury Instructions. *See* Pa.S.S.Crim.J.I. 15.2939A. It conveys to the jury that an "intent to deprive is an essential element of the crime of retail theft…." *Commonwealth v. Martin*, 446 A.2d 965, 969 (Pa. Super. 1982) (citation and footnote omitted). And the language further conveys that the intent to deprive is to permanently deprive the merchant of the property. *Cf*. *Commonwealth v. Lipford*, 331 A.2d 889 (Pa. Super. 1974). It permits of no reasonable consideration that the taking was temporary.

Judgment of sentence affirmed.

Judge Bowes joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/22/2016